UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

---

In re:  ]  Chapter 7
    STEPHEN J. MORGAN,  ]  Case No. 10-40497-JNF
        Debtor  ]

---

## DEBTOR'S ANSWER/OBJECTION TO MOTION OF CHAPTER 7 TRUSTEE TO COMPROMISE CONTROVERSY PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND REQUESTS RIGHT TO INTERVENE

Now comes the Debtor, Stephen J. Morgan, through his attorney, and answers/objects to the Motion filed by the Chapter 7 Trustee, Anne White (hereinafter "Trustee"), to Compromise Controversy Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and further requests the right to intervene. As grounds therefore the Debtor states:

ANSWER

1. Admit, but clarify the MA Probate & Family Court and/or MA Superior Court share jurisdiction on some of the related issues.

2. Admit and clarify that if the jurisdiction were proper the venue would also be. See (1)

3. Deny. It is contested.

   - Debtor believes the settlement motion is no longer timely (see rule 4007), proper, or a core proceeding; that the limited matters already started in state court regarding the divorce and marital asset division should appropriately proceed to conclusion in state court using the restrictions in place by the Debtor obtaining discharge.

   - The property in question which is in the name of ex-wife only is not part of the bankruptcy estate. See Perry 131 B.R. 763 the debtor holds only rights similar to rights of a beneficiary of constructive trust which is not subordinate to the Trustee's rights even if the Trustee had filed a timely objection.

   - Schedule B at 21 includes tort claims for personal injury caused by Debtor's ex-wife. There is a question of law regarding if the inclusion of personal injury tort claims exempt under 28 U.S.C. 157(b)(2)(O) cause this action to be a non-core proceeding that appropriately should be settled in other court.

4. Admit, but clarify the case was moved to the Eastern Division.

5. Admit.

6. Deny. It is contested.

   - Admit there is a divorce proceeding but clarify, it was the Debtor as plaintiff who initiated the divorce proceeding far back in November 2006.

   - Deny the statements and that the listing of ex-wife's interests by the Trustee is complete or accurate regarding the assets and their circumstances.

7. Deny. It is contested.

- The ex-wife did <u>not</u> file an answer or counter claim in the divorce case that she is entitled to a claim upon.

- The values of ex-wife's interests are not as stated indeterminate. They simply have not been valued by the Trustee as would be prudent, expected, and appropriate before settlement negotiation and entering the proposed agreement. Further a court has not determined her rights and those of the Debtor.

8. Deny. It is contested.

- Debtor requests the proposed compromise be denied and will further state his arguments in additional sections.

- The Debtor believes that the discussions were <u>not</u> extensive and represent the Trustee trying to take an undervalued, self serving offer made by Debtor's ex-wife to ex-wife's own advantage and the Trustee, but not the creditors. Debtor contends the Trustee jumped at the offer without basic and sufficient information to evaluate it and determine if it is even within the lowest point of reasonableness.

- The apparent motivation being to allow for a recovery of legal fees. The Trustee filed numerous documents in September 2010; after her deadlines were past and the case had been previously closed.

- Even if the motion were properly and timely filed, little if anything would likely result for creditors. The seasoned Trustee should have easily anticipated the Debtor would defend his right against this improper action. The result is legal costs are now being unproductively incurred by the Trustee and the Debtor based on ex-wife's extraordinary litigious efforts.

<u>STATUS OF THE CASE</u>

1. The Debtor received his first Discharge on 07/27/2010 Doc #37

2. On 07/30/2010 the Trustee was discharged and the case was first closed. Doc #39.

3. After the discharge and case closure the state court scheduled the long delayed trial on the bifurcated and previously stayed MGL 208 § 34 division.

4. On August 27, 2010 the day the trial began in the probate court this court independently acted to correct an administrative error affecting a limited few creditors by reopening the case and establishing a new deadline for those few creditors to object to discharge.

5. The probate action was again stayed pending another closure of this bankruptcy case.

6. The Trustee was not among those granted an extension and the court so advised her and her counsel by its order of 9/27/2010, Doc #60. This was after its review of all circumstances including Debtors proactive letter of September 6, 2010 to the Trustee regarding his divorce asset division.

7. The Debtor's discharge had reentered on 11/05/2010, Doc #68 without objection from any creditor affected. Even the one who complained via letter to the court that the case should be reopened to give him additional notice.[i]

<u>THE LISTING OF ASSETS</u>

8. The Debtor has already openly further described in the Sept. 6, 2010 letter to the Trustee (also previously reviewed by this court) the method used in preparing his petition. His assets were listed along with the legal cases, information, etc.

9. As these issues have been raised by the Trustee the Debtor has done further research into the topic and bankruptcy counsel has sought independent advice. It is believed that the approach used was proper. Like most things in life additional details might have been further helpful in hindsight but

2

    certainly when prepared the Debtors petition was completed and included everything required in good faith.

10. Nothing was intentionally left out. The Trustee was certainly put on notice of the divorce and the various other legal cases and claims scheduled. The Debtor continues to expect the probate court property division will result in $10,000 or less of his property from Wyndemere Drive as listed and for which he properly took exemption.

11. The list of assets shown in the Trustees motion includes at (i) personal property of the Debtor which was listed by the Debtor at Schedule B (4). Exemption for the same property is shown on Schedule C per 11 USC § 522(d)(3) and 11 USC § 522(d)(5). The Trustee did not timely object to the exemptions and is not now permitted to use the property in her settlement. See recent decision in Case #10-04097-MSH, Doc 22, 09/17/2010 referencing Fed. R. Bankr. P. 4003(b). Also Taylor v. Freeland & Kronz, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.ed.2d 280 (1992)

12. The same argument applies to all assets and claims in the petition. Debtor believes that after review which included the petition and further verbal disclosure at the 341 meeting the Trustee filed a no assets report and took no action to claim any asset or right. Her deadlines are now long past and the settlement motion should be denied.

13. Debtor's Counsel has reviewed the recording of the 341 Meeting. At the meeting, the Trustee asked the Debtor if he had any claims against anyone. Debtor replied "two lawsuits against my ex-wife; the current case pending in the divorce as well as a current tort case against my ex-spouse". After asking additional questions, the Trustee went on to say "other than the two suits against your ex-wife, any other claims?". Debtor disclosed the suits, questions were asked, and a no distribution report was filed. There are no "newly found assets" for the Trustee to attempt to administer.

14. The Trustee does not have an understanding, an accurate listing, and values of the property of the ex-wife in her name alone before proposing the instant settlement.

15. The Debtor is aware of ex-wife possessing in her name property which includes Rolex watches, furs, oil painting, collectables, furnishing, jewelry, etc. He estimates a liquidated value of perhaps $75,000 or more.

16. Further the business and partnerships listed have title to other partnerships, real estate, cash, etc. The Debtor does not agree with ex-wife's valuations from the probate court but even those can be used to show there to be well in excess of a $250,000 for the business interests.

17. It is not clear to the Debtor that the Trustee developed any real / practical information about these assets and values before rushing into the agreement she proposes.

18. The Trustee has no basis to go after these claims after not doing so in timely manner. In addition, since some were not claims but rights of a beneficiary, they are not subordinate to the Trustee. Nevertheless if allowed by the court, the Trustee should appropriately be limited to/focused on the assets of the ex-wife not those exempt assets, or claims of the Debtor which are past objection.

19. The Trustee, as part of the proposed settlement is transferring the Debtor's interest in his home at 2 Howes CT, Southborough MA, which clearly by any account has no net value but is his home. Ex-wife has made no payment from her funds regarding the property since 2004.

BAD FAITH BY EX-WIFE

20. During the course of the probate proceedings in the past 4 years the probate court has spent much time on discovery into the value of K. Connell's assets. Some examples: K. Connell failed to timely comply with Probate Rule 410 self-disclosures resulting in the appointment of special discovery master. The court has found contempt, entered sanctions, nine discovery master hearings have occurred with eight reports ordering production of documents, trial subpoena not complied with, K. Connell's parents both exercise their 5th amendment rights and refused to testify at deposition on the

3

      financial matters regarding these joint businesses assets, false financial statements have been filed, and <u>as recently as August 2010 K. Connell testified under oath in the probate and family court she had not prepared a tax return for 4 years while earning income</u>. The amount of which remains in question.

21. The use of the language in the motion suggesting that some assets are held by K. Connell for the minor child is counter to the sworn financial statements made to the probate court. No such asset has yet been disclosed.

22. During the four years the divorce has been pending her family and the same co-owned family businesses interests which are the subject of the settlement have brought in excess of $300,000 into the divorce action. The actual amount once discovery is complied with could be well over $500,000.

23. K. Connell now resides at a property at 15 Main Street in Southborough, which the Debtor believes was purchased in the name of her sister just before the divorce was filed and with the funds diverted out of their marriage from the same business interest that refuse to fully answer lawful discovery requests and whose principals took the 5th amendment against self incrimination in civil divorce proceeding of their daughter.

24. The compromise is believed not even to be signed by "Karen Connell". It appears a forgery by "Kristen Connell" who has signed previous documents in Probate Court for others. She has further been directing K. Connell's attorneys, being copied directly on legal correspondence, and paying the attorneys with funds of the business interests. "Karen Connell" then claims under oath to have no knowledge of any such documents, agreements or even her own assets.

25. There is also a pending question with the MA probate and Family Court regarding K. Connell's violations of MA Supplemental Probate Court Rule 411 (the automatic restraining order) preventing her from taking actions regarding the Debtors property or property standing in her name.

26. K. Connell has removed all of the Debtor's property listed in his petition as exempt from 6 Wyndemere Drive without the authority of this court or the Probate and Family court.

27. While the automatic stay of this court was in place K. Connell filed a request for permission to file to remove Debtor from his home on September 24, 2010. She then apparently went to this settlement approach with the trustee. Finally, she then filed another contempt action in the Probate & Family Court regarding payment of the mortgage at 2 Howes CT property on 10/21/2010. The first and third of these actions, at least clear and willful violations of this courts stay provisions. Debtor's counsel is now considering adversary proceedings for these stay violations.

28. <u>FURTHER ARGUMENT AGAINST SETTELMENT</u>

29. This court on 9/28/2010 prior to her filing the instant motion denied her request for an extension of time and advised her to proceed by adversary proceeding if she felt it warranted. The Trustee has instead proceeded on the same issue via this compromise motion.

30. The list of assets shown is not complete and omits substantial assets standing in the name of Karen Connell. It is clear that the trustee has made insufficient inquiry into the situation to warrant the court approving the requested settlement.

31. The compromised sum is nominal and will likely present no benefit to Debtor's creditors. At its simplest it improperly and beyond deadlines. <u>It takes $10,000 of property the Debtor listed as exempt</u> and converts it to $9,500 which will likely only pay the Trustee yet in the process waives all claims to real assets with at least $100,000's in value.

32. While taking the personal property at less than its claimed value, the Trustee is adding in the Debtor's home as well just because Karen Connell wants it. She has paid nothing towards it for 6 years and allowed the Debtors home at 6 Wyndemere to be foreclosed. She lived in the Wyndemere home free for almost 4 years depleting the asset, refusing to take steps to move, sell it, pay the mortgage as she had agreed to, or apply for available lender or government loss mitigation programs. A related case

4

not mentioned by the Trustee is pending for tort claims in the MA Superior court. Such a settlement as proposed even if timely and properly before the court would be inequitable.

33. If the Trustee desires and had standing to settle claims/interests that she has in Karen Connell's individual assets, there is no support for the transfer of Debtor's home, Debtor's exempt assets, or his personal injury tort claims.

34. The Debtor's home is an asset listed by the debtor that has an estimated -$140,000 of equity and at the time of filing although an exact figure was not known there is no counter argument that actual value is present that represents an interest by the Trustee. Even if there were some value the Trustee is long past her deadline regarding this asset.

35. The property at 2 Howe's Court was awarded, via temporary orders of the MA Probate and Family Court, to the Debtor. Debtor has resided in the home and been responsible for the mortgage for four years since filing the divorce action. K. Connell has made no payment towards the property and the Debtor has claims in the divorce against her for related costs during the marriage.

36. This Proposed Compromise even if it were timely and properly brought is not in the best interests of the Estate. The Trustee appropriately cites the four criteria that a bankruptcy court should consider in striking the balance between "the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal… (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. See, e.g., Myers v. Martin, 91 F.3d 389,393 (3rd Cir. 1996) (citing Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 US 414, 424-25 (1968).

- The court should also appraise itself of all facts necessary to form and intelligent and objective opinion of the settlement with consideration to all other factors relevant to a full and fair assessment.

- The Proposed Compromise fails to meet the fourth prong of the criteria. In the instant case, the Debtor has in excess of $820,000.00 in unsecured debt. Assuming there are no legal fees, accountant fees, and cost of distribution, the creditors would receive .01 cent on the dollar. Based on a settlement of $9,500.00, after legal and other fees, creditors would receive less than one penny on the dollar or most likely nothing.

- The proposed Compromise is not only untimely and improperly brought it fails to generate any value that is actual value for the creditors.

ALTERNATE RELIEF

In the event the court does not dismiss the motion of the Trustee at the non-evidentiary hearing the Debtor request it consider:

- Ordering the matter to be further heard in evidentiary hearing to resolve factual and valuation questions in dispute.

- Rule for Debtor on his request to intervene so that he can preserve his rights while considering next steps.


WHEREFORE, Debtor prays that this Honorable Court Deny the Chapter 7 Trustee's Motion to Compromise Controversy Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. This will allow him to after 4 years complete his divorce in state court. Other relief the court finds just.

5

Dated:  November 24, 2010            Respectfully submitted,

/s/ Stephen J. Morgan

Stephen J. Morgan
P.O. Box 586.
Southborough, MA  01772-0586
Steve@TheGreatHill.com
Tel:  508-930-4096
Fax:  508-630-1253

By his Attorney

Rosaleen J. Clayton
/s/ Rosaleen J. Clayton
BBO 652132
319A Southbridge Street
Auburn, MA 01501
(508) 832-9006
(508) 832-9112 (facsimile)

[i] Attorney Neil Davis, creditor Law Office of Neil Davis subsequent to his letter to the court appeared in the Probate court on 9/14/2010 and made attempt in violation of the automatic stay to obtain an attorney's lien and was rebuffed by the probate and Family court judge.   An adversary proceeding is currently being considered for this willful attempt to violate this courts automatic stay.  Actions by this attorney have apparently kept this case open an additional 3+ months and led to all this additional interplay by ex-wife and her counsel with the trustee.