UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**STEPHEN J. MORGAN,**                          Chapter 7
    Debtor                                    Case No. 10-40497-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

## I. INTRODUCTION

The matter before the Court is the Emergency Motion for Stay Pending Appeal filed by Stephen J. Morgan (the "Debtor"). The Debtor has filed a Notice of Appeal of this Court's order, dated January 18, 2011, granting the "Motion of Anne J. White, Chapter 7 Trustee, to Compromise Controversy Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure."[1] The Court granted the Trustee's Motion to compromise the bankruptcy estate's claims against the Debtor's ex-spouse, Karen E. V. Connell ("Connell"). The Debtor and his former spouse are parties to a pending action in the Massachusetts Trial Court, Probate and Family Court Department, Worcester Division (the "Worcester Probate Court"). The issue presented is whether the Debtor has satisfied the standard for the

---

[1] The Debtor also appeals subsequent orders of this Court denying his "Motion to Reconsider and/or Amend Order of 01/18/2011 Granting the Trustee's Motion to Compromise Controversy Pursuant to Rule 9010" and his "Motion to Amend Motion to Reconsider and/or Amend Order of 01/18/2011 Granting the Trustee's Motion to Compromise Controversy Pursuant to Rule 9010."

imposition of a stay pending appeal which mirrors the standard for granting a preliminary injunction..

## II. BACKGROUND

The Debtor filed a voluntary Chapter 7 petition on February 5, 2010. On March 5, 2010, he filed his Schedules and Statement of Financial Affairs. On Schedule A-Real Property, he listed a single family home located at 6 Wyndemere Drive, Southborough, Massachusetts and a two-family home located at 2 Howes Court, Southborough, Massachusetts, with values of $1,100,000 and $320,000, respectively. He disclosed that both properties were owned as tenants by the entireties and that neither had equity over and above mortgage debt.

On Schedule B-Personal Property, the Debtor listed ownership interests in used household goods and furniture valued at $10,000 located at 6 Wyndemere Drive, including a Stienway B Piano [sic], miscellaneous furniture and china, indicating that all property located at Wyndemere Drive was "subject to division by Probate Court." He listed these items as jointly owned with his former spouse. He also listed ownership interests in used household goods and furniture located at 2 Howes Court, Unit 2, Southborough, Massachusetts and at 206 Turnpike Road, Southborough, Massachusetts.[2] In addition to clothing, various financial accounts, wearing apparel, furs and jewelry, and an automobile, the Debtor listed 120,000 shares of Tatnuck Systems, Inc., a corporation in Chapter 7, ascribing no value to the stock. He also disclosed ownership of what he described as a civil

---

[2] The property located at 206 Turnpike Road was not listed on Schedule A.

tort action both for damages sustained when he was wrongfully removed from his home "via 209A" and "to determine ownership rights to real property." In addition to the civil action, he disclosed "[p]otential claims against Ex-Wife for Legal Fees/Costs/Living Expenses." Finally, he listed an ownership of requested tax abatements in the amounts of $745.47 and $850 with respect to his 2007 federal and state tax returns, respectively.

On Schedule C-Property Claimed as Exempt, the Debtor claimed cash on hand, various financial accounts, wearing apparel, furs and jewelry, an automobile, and the household goods and furniture located at the three Southborough properties as exempt with a total value of $12,000.[3] With respect to the property located at 6 Wyndemere Drive, he set forth the following, which would be applicable to all marital property claimed as exempt: "All Property Subject to Division by Probate Court." The Debtor neither claimed any of the properties listed on Schedule A as exempt nor any of the claims against his former spouse listed on Schedule B. On Schedule E-Creditors Holding Unsecured Priority Claims, he listed a child support order requiring him to pay $24 per week and a "health insurance order" requiring him to pay $75.81 per week for his minor child. On Schedule F-Creditors Holding Unsecured Nonpriority Claims, he listed unsecured debt in excess of $800,000.

---

[3] On February 11, 2011, the Debtor filed a "Motion to Amend Bankruptcy Petition," seeking to amend Schedules B and C. Specifically, he sought to amend Schedule C to add the Southborough properties located at 6 Wyndemere Drive and 2 Howes Court, as exempt. He also sought to exempt a civil tort action and potential support claims. The Court denied the Motion without prejudice because the Debtor failed to file amended schedules or comply with MLBR 1009-1.

On his Statement of Financial Affairs, the Debtor disclosed that he is a party to a divorce proceeding pending in the Worcester Probate Court. Additionally, he disclosed other civil actions in which his former spouse, Connell, formerly Karen Morgan, is a party.

On March 19, 2010, the Trustee filed a Report of No Distribution. Shortly thereafter, on May 4, 2010, the Debtor amended Schedule F to list additional creditors, including his minor child and former spouse, Karen Morgan, as the holder of "potential obligations, that are not classified as Domestic Support Obligations, arising from debts or litigation pending at the commencement of the case."

On September 9, 2010, the Chapter 7 Trustee filed a Motion for Withdrawal of No Asset Report. In support of her motion to withdraw her Report of No Distribution, the Trustee represented that "[t]his is a case where the Trustee has recently obtained information which may lead to potential recovery of assets in this case concerning the Debtor's divorce proceedings." The Trustee also moved to extend the time to object to the Debtor's discharge, which expired on May 14, 2010 with respect to creditors with notice of the case and on November 1, 2010 for the creditors added pursuant to the allowance of the Debtor's Motion to Amend Schedule F. The Court denied the Trustee's Motion as untimely. *See* Fed. R. Bankr. P. 4004(b).

Although the Chapter 7 Trustee of Tantuck Systems, Inc. had moved to extend the deadline to file a complaint under 11 U.S.C. §727, no complaints were filed against the Debtor under 11 U.S.C. § 727(a) for denial of his discharge. The Court granted the Debtor a discharge on July 7, 2011 with respect to the creditors he originally listed on his matrix,

4

and, on November 5, 2010, the Court granted the Debtor a discharge with respect to the added creditors. No objections were filed to the Debtor's claimed exemptions.

### III. THE TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY

On October 19, 2010, the Trustee filed the Motion to Compromise Controversy, pursuant to which she sought authority to compromise the estate's claims against the Debtor's former spouse. She recited the following:

> Prior to the Petition Date, the Debtor and Connell had initiated divorce proceedings in the Massachusetts Trial Court, Probate and Family Court Department, Worcester Division (the "Probate Court"). The parties were in possession of marital, personal and any other property, real or personal, tangible or intangible, standing in the name of "Karen E.V. Connell" or Karen E.V. Morgan", whether held individually, jointly, in the name of another for her benefit, or held by her for the minor child, including, *inter alia*, certain limited partnerships, stocks, realty trusts, partnerships and/or limited partnerships, or trusts in which Connell held an interest, beneficial or otherwise, as described as follows:
>
> a. Six (6) shares (non-voting class B stock) in Connell Curley Insurance Agency
>
> b. Mutual of America 401K ending in H-1K
>
> c. Bank of Bermuda Savings Account ending in 0636
>
> d. Citizens Bank Checking account ending 428
>
> e. 2 Howe's Court, Southborough, MA . . .
>
> f. Three Scollay Square Limited Parntership (33%)
>
> g. Mount Anvil Limited Partnership (33%)
>
> h. Saint Mark's Limited Partnership (33%)
>
> i. Personal property, household furnishings, personal jewelry

and Steinway Piano (all above collectively identified as, the Assets")[.]⁴

The Trustee recognized that the Debtor had asserted claims against Connell's interest in the Assets, adding "Connell has asserted colorable claims and defenses to the Debtor's claims;" and that "[t]he value of Connell's interest in the Assets is of indeterminate value."

The compromise proposed by the Trustee included the following provisions:

a. Connell shall immediately pay to the Estate the sum of $9,500 (the "Settlement Amount") in full and final satisfaction of any and all claims which the Estate has against Connell's interest in the Assets.

b. The Trustee shall waive and release any interest of the Estate in the Assets and Connell's interest therein.

c. The Trustee shall execute a Trustee's Quitclaim Deed conveying all right, title and interest of the Estate to Karen E. V. Connell (f/k/a Karen E. V. Morgan) in and to the real estate located at 2 Howe's Court, Southborough, Massachusetts, recorded at the Worcester County Registry of Deeds at Book 33261, Page 221.

d. Relief from the automatic stay imposed by the Bankruptcy Code shall be granted with respect to the litigation pending in the Probate Court, captioned Stephen J. Morgan v. Karen E. V. Morgan, Docket No. 06D-2900-DV 1.

e. The Stipulation shall be submitted to the Probate Court after approval by the Bankruptcy Court[; and]

f. The parties shall exchange mutual general releases.

The Debtor filed an Objection to the Trustee's Compromise Motion requesting that the Court dismiss the Motion or, in the alternative, schedule an evidentiary hearing to

---

⁴ The only Assets listed by the Trustee in which the Debtor claimed an interest and also claimed as exempt are the household furnishings, personal property and the Steinway piano.

resolve factual and valuation questions. He asserted, that he held "only rights similar to the rights of a beneficiary of constructive trust [sic] which is not subordinate to the Trustee's rights even if the Trustee had filed a timely objection."[5] He also denied that the Assets listed by the Trustee was complete and accurate. He stated his belief that "the Trustee [is] trying to take an undervalued, self serving offer made by Debtor's ex-wife to ex-wife's own advantage and the Trustee [sic], but not the creditors." The Debtor further objected to the use of property which he claimed as exempt as part of the Trustee's proposed settlement and the transfer of the property located at 2 Howes Court, Southborough to his former spouse, which he had not claimed as exempt. The Debtor also alleged misconduct by his ex-spouse in the Probate Court, asserting his belief that the compromise was not even signed by Connell. He complained that

> The compromised sum is nominal and will likely present no benefit to the Debtor's creditors. At its simplest it improperly and beyond deadlines. [sic] <u>It takes $10,000 of property the Debtor listed as exempt</u> and converts it to $9,500 which will likely only pay the Trustee yet in the process waives all claims to real assets with at least $100,000 in value.
>
> . . . While taking the personal property at less than its claimed value, the Trustee is adding in the Debtor's home as well just because Karen Connell wants it. She has paid nothing towards it for 6 years and allowed the Debtors [sic] home at 6 Wyndemere to be foreclosed. She lived in the Wyndemere home free for almost 4 years depleting the asset, refusing to take

---

[5] The Court observes that this is an inaccurate statement of the law. To the extent that the Debtor has asserted or intends to assert an interest in items a through h of the Assets described by the Trustee, he failed to list those interests on Schedule B or claim them as exempt on Schedule C. If the Debtor was the beneficiary of some type of constructive trust, this Court, not the Debtor unilaterally, would determine what if any rights he had after notice and a hearing. The Trustee cannot be blamed for failing to object to purported interests that were not properly disclosed.

7

steps to move, sell it, pay the mortgage as she had agreed to, or apply for available lender or government loss mitigation programs. . . . .

The Court heard the Trustee's Motion to Compromise Controversy on January 18, 2011 and determined that the Trustee had satisfied her burden under Jeffrey v. Desmond, 70 F.3d 183 (1st Cir. 1995).[6] The Court concluded that an evidentiary hearing was unwarranted and that the compromise proposed by the Trustee was fair and reasonable under the circumstances and that the consideration provided by the ex-spouse in the sum of $9,500 for a release of the estate's interests in marital property, the division of which is best determined by the Probate Court, benefitted the bankruptcy estate. Additionally, because the real property located at 2 Howes Court was property of the estate, the Trustee

---

[6] In Jeffrey, the First Circuit stated:

> A bankruptcy judge has the authority to approve a compromise of a claim pursuant to Bankruptcy Rule 9019(a). The ultimate issue on appeal is whether the bankruptcy court abused its discretion when it approved the compromise, which is a process requiring the bankruptcy court to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (quoting In re Boston & Providence R.R., 673 F.2d 11, 12 (1st Cir. 1982)). The specific factors which a bankruptcy court considers when making this determination include: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise. In re Anolik, 107 B.R. 426, 429 (D.Mass. 1989).

Jeffrey v. Desmond, 70 F.3d at 185 (footnote omitted).

was authorized to convey it to Connell as part of the compromise.

Section 541(a) of the Bankruptcy Code provides that "[t]he commencement of a case under section 301 . . .creates an estate . . . comprised of all legal or equitable interests of the debtor in property at the commencement of the case." 11 U.S.C. § 541(a). Schedules A and B provide the means by which debtors disclose those legal and equitable interest in property to the Trustee. Debtors are authorized to exempt property from the estate, and, in the absence of objection, exempt property is withdrawn from the estate. *See* In re MacDonald, 326 B.R. 6, 11 (Bankr. D. Mass. 2005). The Debtor did not exempt the property at 2 Howes Court so the authority to convey or otherwise dispose of that property was vested in the Trustee. The Debtor exempted certain personal property pursuant to 11 U.S.C. § 522(d) and that property was withdrawn from the estate. Nevertheless, as the Debtor himself recognized on Schedule C, the personal property, in particular the house goods and furnishings located at 6 Wyndemere Drive, were subject to division by the Worcester Probate Court. Accordingly, the Debtor's persistent objections to the Trustee's proposed compromise are based upon a misapprehension of bankruptcy law.

In addition to finding that the Trustee's Motion to Compromise Controversy was fair and reasonable in view of the probability of success and complexity of litigating the Debtor's ownership interest in marital property, most of which was not set forth on Schedule B, *See* In re OBrien, 433 B.R. 117, 131 (Bankr. W.D. Mich. 2011)(even when a debtor fails to list property, the unscheduled property is "property of the estate"), and the paramount interests of creditors, none of whom objected to the Trustee's Motion, the Court

considered the Debtor's lack of standing to object to the Motion. *See* In re Choquette, 290 B.R. 183 (Bankr. D. Mass. 2003). In Choquette, the bankruptcy court, in the context of a debtor's objection to a proof of claim, stated the following:

> The majority of courts have held that a Chapter 7 debtor has standing to object to claims where one or more of the following factual requisites obtained: 1) the debtor had a pecuniary interest in the result by way of a demonstrable surplus; 2) the trustee failed or refused to object to the claim or claims in question; and/or 3) the debtor's objection would not undermine the efficient administration of the estate. *See* In re Thompson, 965 F.2d at 1141 and 1147 (holding that a Chapter 7 debtor had appellate standing to object to a settlement of claims litigation only where the trustee failed or refused to perform a fiduciary duty); In re El San Juan Hotel, 809 F.2d 151, 154 (1st Cir.1987) (holding that the "person aggrieved," an analogue to the "party in interest," had appellate standing when that person's rights or interests were " 'directly and adversely affected pecuniarily' by the order or decree of the bankruptcy court") (quoting In re Fondiller, 707 F.2d 441, 442 (9th Cir.1983)); Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir.1985) (holding that only solvent debtors had standing in bankruptcy court); United States v. Jones, 260 B.R. at 418 (holding that a debtor with no hope of a surplus from the estate had no standing to object); In re Gribben, 158 B.R. 920, 922 (S.D.N.Y.1993) (holding that assignment of all claims related causes of action to the trustee promoted orderly asset collection); In re Sun OK Kim, 89 B.R. 116, 118 (D.Haw.1987) (holding that leave of court secured after formal refusal by the trustee to object to a claim or trustee wrongdoing could confer standing to object upon the debtor); In re Savidge, 57 B.R. 389, 392 (D.Del.1986) (holding that in order to uphold orderly administration of the estate, the trustee must be noticed and refuse to object before the debtor could obtain court ordered standing to object); Silverman v. Leucadia, Inc., 37 B.R. 200, 201 (S.D.N.Y.1982) (holding that only the debtor that "demonstrated that the disallowance of the claim would produce a surplus in the estate which would be available to the bankrupt" had standing to object); In re Bakke, 243 B.R. 753, 755 (Bankr. D. Ariz.1999) (holding trustee refusal and application to the court to be precursors to debtor standing); In re I & F Corp., 219 B.R. 483, 485 (Bankr. S.D. Ohio 1998) (holding that standing resided statutorily with *188 the trustee as the appointed estate representative to ensure expeditious, cost effective case disposition); In re Woods, 139 B.R. 876, 877 (Bankr. E.D. Tenn.1992) (stating that, absent surplus, debtor standing to object is a threat to judicial economy because it

>would "permit [the debtor] to usurp the trustee's authority and . . . require the court to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate"); *but see* Mulligan v. Sobiech, 131 B.R. 917, 921 (S.D.N.Y.1991) (debtor is a de facto party in interest with standing to object to claims untethered from considerations of surplus or trustee action); *cf.* In re Simon, 179 B.R. 1, 6-7 (Bankr.D.Mass.1995).

Choquette, 290 B.R. at 187-88 (footnote omitted). The court's analysis in Choquette is applicable to objections to motions to compromise filed by estate representatives.

As noted above, the Debtor twice moved for reconsideration of the Court's order citing fraud and newly discovered evidence. The Court twice denied his reconsideration motions on the grounds set forth in the Trustee's Objection to Debtor's Motion to Reconsider and/or Amend filed on February 10, 2011. The Court incorporates that Objection by reference. The Court finds that the Debtor misconstrues, deliberately or unintentionally, the import of the compromise reached between the Trustee and Connell.

The Court authorized the Trustee to settle claims by and against Connell, using property of the Debtor's bankruptcy estate. Except for the transfer of the estate's interest in the property located at 2 Howes Court, Southborough and the release of claims listed by the Debtor against his former spouse on Schedule B, which the Debtor did not claim as exempt on Schedule C, the Court neither approved nor intended to approve a final disposition of the marital property listed by the Trustee in her Motion to Compromise Controversy. The Debtor's Objection to the Motion to Compromise and his complaints set forth in his motions for reconsideration lack merit and reflect a misapprehension of bankruptcy law.

11

**IV. THE DEBTOR'S MOTION FOR STAY PENDING APPEAL**

In his Emergency Motion for Stay Pending Appeal, the Debtor reiterates his previous arguments while noting that his "divorce matter" is scheduled for trial on March 23, 2011. The Court finds, however, that his allegations about his former spouse's conduct are properly directed to the Probate Court.

In In re MEDSCI Diagonistics, Inc., 2011 WL 280866 (Bankr. D. P.R. Jan. 25, 2011), the court observed:

> A motion for a stay pending appeal under Fed. R. Bankr.P. 8005 is determined pursuant to the four-part test for granting preliminary relief, that is,
>
>> (1) there is a likelihood of success on the merits of the appeal;
>> (2) the movant will suffer irreparable harm if a stay is not granted;
>> (3) the harm to the movant if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and
>> (4) the public interest would not be affected by the issuance of the stay.
>
> Pye v. Excel Case Ready, 238 F.3d 69 (1st Cir.2001); In re Alfaro, 221 B.R. 927 (B.A.P. 1st Cir.1998).
>
> A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In re Lickman, 301 B.R. 739 (Bankr. M.D. Fla. 2003). In order to grant the motion for stay pending appeal all four prongs must be satisfied. In re Handel, 242 B.R. 789, 791 (Bankr. D. Mass.1999). Failure to meet the four prongs dooms the motion. Eck v. Dodge Chemical Co. ( In re Power Recovery Sys., Inc.) 950 F.2d 798, 804).

2011 WL 280866 at * 3.

Because the Probate Court has the authority to resolve the disputes between the Debtor and Connell as to the appropriate division of marital property, except for the

property located at 2 Howes Court, the Court finds that the Debtor has failed to establish a likelihood of success on the merits or irreparable injury.

## V. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the stay pending appeal.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: March 29, 2011