UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

In re

STEPHEN J. MORGAN,

Debtor.

Chapter 7
Case No. 10-40497-JNF

## OBJECTION OF ANNE J. WHITE, CHAPTER 7 TRUSTEE, TO DEBTOR'S AMENDED SCHEDULE OF EXEMPTIONS

Anne J. White, the duly-appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of Stephen J. Morgan (the "Debtor"), hereby asserts her Objection to the *Debtor's Amended Schedule C*. The Debtor has deliberately concealed assets from the Trustee, his creditors and the Bankruptcy Court in an attempt to secure for himself the value of those assets in contravention of the bankruptcy process and to the detriment of his bankruptcy estate. To allow the Debtor to claim exemptions in the concealed assets would reward the fraud perpetrated by the Debtor upon the Court. Furthermore, even were the Debtor's claims of exemption not based upon fraud and misconduct, such claims are equitably moot. Finally, the claims exceed the statutory limits imposed by the Bankruptcy Code. In further support of her Objection, the Trustee respectfully represents as follows:

### Jurisdiction And Venue

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157 and 1334.

2.      Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409.

3.      This is a "core" proceeding pursuant to 28 U.S.C. section 157(b).

### Factual Background

4.      On February 5, 2010 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Central Division) (the "Bankruptcy Court").

5.      As of the Petition Date, an estate was created (the "Estate").  Anne J. White ("Bankruptcy Trustee") was appointed Trustee of the Debtor's Estate.

6.      In his schedules of assets and liabilities filed on March 5, 2010, in connection with his bankruptcy case (collectively, the "Schedules"), the Debtor identified various property in which he asserted an interest.  On his Schedule A the Debtor identified two parcels of real estate, both of which had no equity over and above the undisputed claims of secured creditors; (a) 6 Wyndemere Drive, Southborough, Massachusetts ("Wyndemere"); and (b) 2 Howes Court, Southborough, Massachusetts ("Howes Court").  Wyndemere constituted the parties' marital residence.  The Debtor estimated the fair market value of Wyndemere and Howes Court at $1,100,000 and $320,000, respectively.  Secured claims against the property totaled $1,237,726.20 and $459,999, respectively.  A true and accurate copy of the Debtor's Schedule A is attached hereto as *Exhibit A*.

7.      The Debtor also identified various personalty on his Schedule B, including:

| Property | Ownership | Value |
|---|---|---|
| Used Household Goods/Furniture Including (1) Stienway [sic] B Piano Miscellaneous Furniture and China | Joint | $10,000 |
| Used Household Goods/Furniture Miscellaneous Items No Single Item of Value | - | $1,500 |

| Civil Tort Action Claims consists of damages sustained when Debtor was wrongfully removed from his home via 209A and to determine ownership rights of real property | - | Unknown |
|---|---|---|
| Potential Claims against Ex-Wife for Legal Fees/Costs/Living Expenses | - | Unknown |

The Debtor also declared "All Property Subject to Division by Probate Court." A true and accurate copy of the Debtor's Schedule B is attached hereto as *Exhibit B*.

8.      The civil tort action and associated potential claims identified by the Debtor in his Schedule B are related to the Debtor's removal from Wyndemere. The Debtor made no reference to Howes Court or to other potential claims against his ex-wife.

9.      The Debtor also asserted various claims of exemption in property on his Schedule C, including the used household goods and furniture stored at both Wyndemere and Howes Court. The Debtor made no claims of exemption in Wyndemere or Howes Court themselves, or any of his purported causes of action or claims against his ex-wife. A true and accurate copy of the Debtor's Schedule C is attached hereto as *Exhibit C*.

10.      At the initial meeting of creditors of the Debtor pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), the Trustee examined the Debtor and elicited testimony in connection with the assets and liabilities identified on his Schedules and his pending divorce proceedings. The Debtor disclosed his pending divorce action, as well as what he characterized as a "frivolous 209A order" and the loss of the use of Wyndemere. The Debtor made no reference to claims for Howes Court. The Debtor twice indicated that his ex-wife had substantial assets, yet he never indicated that he asserted or planned to assert any claim against those assets—not even in response to direct questions by the Trustee as to whether he had any claims against any party for any reason.

3

11.     Prior to the Petition Date, the Debtor and his ex-wife, Karen Connell ("Connell"),

had initiated divorce proceedings in the Massachusetts Trial Court, Probate and Family Court

Department, Worcester Division (the "Probate Court").  The parties were in possession of

various property of the marital estate, including, *inter alia*, certain limited partnerships, stocks,

realty trusts, partnerships and/or limited partnerships, or trusts in which Connell held an interest,

beneficial or otherwise, as described as follows:

a.     six (6) shares (non-voting class B stock) in Connell Curley Insurance
       Agency

b.     Mutual of America 401K ending in H-1K

c.     Bank of Bermuda Savings Account ending in 0636

d.     Citizens Bank Checking account ending 428

e.     2 Howe's Court, Southborough, MA, recorded in Worcester County
       Registry of Deeds at Book 33261, Page 221 dated April 6, 2004

f.     Three Scollay Square Limited Partnership (33%)

g.     Mount Anvil Limited Partnership (33%)

h.     Saint Mark's Limited Partnership (33%)

i.     personal property, household furnishings, personal jewelry and Steinway
       Piano (all above collectively identified as, the "Assets")

12.     With the exception of some of the personalty and Howes Court, the Debtor failed

to disclose any of the Assets in his Schedules or at his 341 Meeting.  Upon information and

belief, the Debtor intentionally failed to disclose the Assets in an effort to prevent the Trustee

from realizing their value for the benefit of the Estate.  The Debtor failed to advise the Probate

Court of his pending bankruptcy proceedings, and allowed trial to proceed for two days in

August, 2010.  The Probate Court then *sua sponte* inquired into the status of the Debtor's

bankruptcy case and subsequently halted the trial pending resolution of the Debtor's bankruptcy

or relief from the automatic stay imposed therein.

13.      Having been caught out in his scheme to deceive both the Bankruptcy Court and

the Probate Court, the Debtor then approached the Trustee by letter dated September 6, 2010 (the

"Morgan Letter"), disclosing the Assets and at the same time demanding the Trustee disclaim any

interest in them:

> *I did not list in my petition* for example real estate trusts owned by [Connell]
> individually or other personal property owned by her except to the extent it is
> joint.  The [Probate Court] seemed concerned that I was seeking equitable
> distribution also related to these assets *which were not in my petition.*
>
> …
>
> With a short term marriage it is unlikely I will be assigned these assets but there is
> I believe possibility of an equitable order of some form which I plan to pursue.  At
> the trial I plan to argue that all of the assets which include those I listed in the
> petition and those she has alone *which are not listed in my petition* should be
> equitably divided.

Morgan Letter at 1 (emphasis added).  A true and accurate copy of the letter is attached hereto as

*Exhibit D.*

14.      The Trustee immediately contacted the Debtor's ex-wife and conducted an

investigation into the Debtor's asserted claims against Connell's interest in certain assets.  There

arose disputes over whether property constituted marital assets.  Connell asserted significant

counterclaims and defenses to the Debtor's claims.[1]  The value of Connell's interest in the

disputed assets was of indeterminate value.  The Debtor's interest in Connell's interest in the

Assets, if any, constituted property of the Estate.

---

[1] The parties were engaged in a 32-month marriage, and the assetes in question were premarital assets of Connell, not
the Debtor.  Applicable caselaw supports Connell's arguments in defense of the Trustee's claims.

15.   After extensive settlement discussions, the Trustee and Connell reached a settlement of the dispute, and entered into a written settlement agreement (the "Agreement"). The Agreement provided that Connell would pay funds to the Estate, certain property would be transferred to Connell, and the parties would exchange mutual general releases. The Trustee filed a motion to compromise controversy pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and sought Court approval of the Agreement. The Debtor objected to the motion to compromise, and vigorously opposed the settlement.

16.   On January 18, 2011, the Court conducted a hearing on the motion to compromise. The Court overruled the Debtor's objection and approved the motion. The Court found that the Trustee had discharged her fiduciary duty to the Estate in investigating the claims of the Debtor and Connell, that the Agreement was fair and reasonable, that the Trustee satisfied her business judgment in entering into the Agreement, and that the Agreement was in the best interests of the Debtor's Estate and creditors. On February 28, 2011, the Probate Court also entered an order approving the Agreement. A true and accurate copy of the Probate Court's order is attached hereto as *Exhibit E.*

17.   Subsequent to the Court's approval of the Agreement, the Debtor filed a succession of motions to reconsider, motions to stay the Order, other motions for relief and eventually an untimely appeal. All of the Debtor's various requests for relief were either procedurally infirm, factually and legally baseless, or both. The Trustee has filed a separate motion (the "Motion for Sanctions") requesting that sanctions be imposed upon the Debtor for his flagrant abusive and frivolous pleadings, including the imposition of a bar against future filings absent leave of Court. The Motion for Sanctions sets forth more fully the Debtor's egregious motion practice, and is incorporated herein by reference.

6

18.    On March 29, 2011, in connection with yet another motion for stay filed by the

Debtor, the Court issued a memorandum and order denying the Debtor's motion (the

"Memorandum"). In the Memorandum, the Court held that the Debtor failed to list the Assets

(with the exception of certain personalty) on his Schedule B and failed to claim them as exempt

on his Schedule C. *See* Memorandum at 7. The Court further determined that the Trustee was

entitled to convey the property, including Howes Court, to Connell. *See id.* at 8–9. "The Court

authorized the Trustee to settle claims by and against Connell, using property of the Debtor's

bankruptcy estate." *Id.* at 11.

19.    His many motions for reconsideration, stay or other relief having been denied, the

Debtor has now attempted to amend his schedules and assert claims of exemption in the Assets.[2]

The Debtor filed amended Schedules B and C on March 10, 2011 (the "Amended Schedules").

In his Amended Schedule B, the Debtor for the first time since his bankruptcy filing more than

one year ago and his divorce filing in 2006 identifies the Assets. A true and accurate copy of the

Debtor's Amended Schedule B is attached hereto as *Exhibit F*. *See* Exhibit E at ¶ 21. The

Debtor utterly fails to explain or excuse his lengthy delay in disclosing the Assets or in

concealing them from the Trustee and the Bankruptcy Court.

20.    On his Amended Schedule C, the Debtor attempts to assert claims of exemption in

various property, including Wyndemere and Howes Court, despite their complete lack of equity,

and the other Assets. A true and accurate copy of the Debtor's Amended Schedule C is attached

hereto as *Exhibit G*. The Debtor makes no attempt to reconcile the statutory basis for his

exemptions with the actual value of the listed property or the lack of equity therein. For instance,

---

[2] The Debtor first attempted to amend his Schedules on February 11, 2011, which attempt the Court denied as
procedurally deficient. The Debtor subsequently moved again to amend the Schedules, which motoin was allowed
on March 11, 2011.

the Debtor asserts the federal exemptions available under section 522(b)(2) of the Bankruptcy

Code.  He then claims an exemption in the entire $320,000 value of Howes Court under section

522(d)(1), which limits the exemption to $20,200 at the time of the Petition Date.  He also claims

an exemption in the entire $1,100,000 value of Wyndemere under section 522(d)(5), which limits

the exemption to $1,075 for all wild-card property.  Further, neither Wyndemere nor Howes

Court has any equity to exempt in any case.  The Debtor also exempts personalty as follows:

| Statute | Exemption Limit | Amount of Debtor's Claim |
|---|---|---|
| 11 U.S.C. 522(d)(3) | $10,775 | $11,525 |
| 11 U.S.C. 522(d)(4) | $1,350 | $1,450 |
| 11 U.S.C. 522(d)(5) | $1,075[3] | $11,975[4] |

The Debtor's claims of exemption exceed the statutory limits imposed by section 522(d) of the

Bankruptcy Code.

### The Trustee's Objection to the Debtor's Claims of Exemption

**A.    Debtor's Initial Disclosures Were Misleading**

21.    The Debtor failed to disclose the Assets in his original Schedules.  *Inter alia*, the

new assets constitute "Potential Claims/Settlements/Asset Distributions Involving Debtor's

Divorce Proceedings".  The existence of these Divorce Property Claims was not disclosed

properly in the original schedules.  Instead, Connell was referred to as the "ex-wife" in the

original Schedules.  There was no indication that the Debtor retained or asserted claims for the

Assets, including real estate, which were titled in Connell's name alone or in trust(s) for the

benefit of Connell.  Instead, the claims described against the Ex-Wife were listed in original

---

[3] Because the Debtor has asserted his entire section 522(d)(1) exemption in connection with Howes Court, no amount remains available for application through section 522(d)(5).

[4] The Debtor also claims an exemption in the entire $1,100,000 value of the parties' former marital home under section 522(d)(5), despite the statutory limit and despite the total lack of equity therein.

Schedule B in the form of a "Civil Tort Claim" and a claim for "Legal Fees/Costs/Living

Expenses", both of which appeared to be, at least in part, related to the removal of the Debtor

from the couple's former marital home.

22.     It is noteworthy that in the Debtor's Schedule A, he disclosed two parcels of real

estate, Wyndemere and Howes Court, both held as tenants by the entirety and both with

profoundly negative equity. Despite listing property on his Schedules in which Connell had an

interest, there was no indication whatsoever in the Schedules that Connell also held assets

including title in trust to a separate residence for which the Debtor asserted an equitable

ownership by reason of his former marriage. The address of this real estate was not identified,

nor were Connell's real estate interests described with sufficient particularity to put the Trustee

on notice that such a potential asset existed. Instead, a plain reading of the original Schedules A

and B taken together would lead one to ascertain that the Debtor was asserting damage claims

against his Ex-wife and that he asserted superior ownership rights in one of the two

Southborough homes listed on Schedule A. At the 341 Meeting, the Debtor was careful to leave

the Trustee with the impression that the Debtor sought only to regain possession of Wyndemere.

It was only after the Probate Court in the divorce proceedings questioned the disclosures made to

the Trustee that the Debtor chose to expand his disclosures and send the Trustee the Morgan

Letter. Notwithstanding the letter, the Debtor *still* did not choose to amend his Schedules to

either reflect the Assets or to claim them as exempt.

23.     As in fact it is now clear, the Debtor did have Divorce Property Claims and other

potential claims against the Assets as of the commencement of this case. The problem for the

Debtor is not just that he failed to disclose the Assets in his original Schedules; the problem is

that the disclosure in the original Schedules was misleading. Since there was no description of

Connell's assets held in her name alone and/or in trust, the Trustee reasonably concluded from a

plain reading of Schedules A and B taken together that the only remaining issues in the subject

Divorce proceeding were a dispute over an alleged wrongful removal "via 209A", ownership

rights regarding the Schedule A property (which had no equity), and potential claims for legal

fees, costs and living expenses.  Based on the original Schedules and the 341 Meeting, the

Trustee filed a Report of No Distribution on March 19, 2010.

        24.     The Trustee was misled by the Debtor's concealment.  As the Debtor states in the

Morgan Letter, in pertinent part, "[A]t the [divorce] trial I plan to argue that all of the assets

which include those I listed in the petition [in bankruptcy] and those she [my ex-wife] has alone

which are not listed in my petition should be equitably divided."  Thus, the Morgan Letter

reflects the Debtor's deliberate intent to pursue his Divorce Property Claims and the Assets, and

his deliberate decision not to list the Assets in his Schedules.  Given this deliberate wrong, the

Debtor cannot be awarded with an exemption claim of any kind against the Divorce Property

Claims.  Debtors who fraudulently conceal assets only to later attempt to exempt them upon

discovery are barred from such claims of exemption.  *See In re Ford*, 492 F.3d 1148, (10th Cir.

2007); *In re Green*, 268 B.R. 628 (Bankr. M.D. Fla. 2001); *In re Dipzinski*, 234 B.R. 746 (Bankr.

E.D. Ark. 1999); *In re St. Angelo*, 189 B.R. 24 (Bankr. D.R.I. 1995).

**B.     Allowance of the Debtor's Claims of Exemption Would be Prejudicial**

        25.     Amendments to a debtor's schedules are liberally allowed when required in the

interests of justice.  *See, e.g., In re Seeley Tube & Box Co.*, 219 F.2d 389, (3d Cir. 1955), *cert.*

*denied*, 350 U.S. 821 (1955).  Here, the allowance of any kind of exemption in the Divorce

Property Claims would be highly prejudicial to the Chapter 7 Trustee, the bankruptcy estate, the

creditors, Connell, and the various judicial proceedings.  To date, the Trustee has expended

numerous hours of legal time in the administration of this case, the Trustee's efforts and the

efforts of Trustee's counsel have yielded a recovery to the bankruptcy estate in the amount of

$9,500.00. Since the Assets had not been initially listed or claimed as exempt by the Debtor, the

Trustee negotiated a recovery for the benefit of the bankruptcy Estate with the presumption that

the Debtor would not be permitted to exempt assets he intentionally failed to list—which he had,

in fact, knowingly concealed from the Trustee.

26.     As noted above, the Debtor's partial disclosure regarding his claims against

Connell in the initial Schedules led the Trustee to reasonably believe these were the sum total of

his claims against Connell. Courts have routinely denied a debtor's ability to amend schedules to

claim as exempt property previously concealed from the Trustee, especially when done so in bad

faith. *See In re Grogan*, 300 B.R. 804 (Bankr. D. Utah 2003); *In re Clark*, 274 B.R. 127 (Bankr.

W.D. Pa. 2002); *In re Barber*, 223 B.R. 830 (Bankr. N.D. Ga. 1998). The Debtor's fraudulent

concealment of the Assets, together with his lengthy delay in amending his schedules and the

prospective prejudice to the Trustee, further militate against allowance. *See In re Knapp*, 283

B.R. 819 (Bankr. W.D. Pa. 2002).

27.     If the Debtor is allowed a valid exemption in the Assets, the prejudice to the

creditors in this bankruptcy case would be profound, since this is the only recovered asset in this

case. Connell would experience considerable prejudice inasmuch as she and her counsel have

expended considerable time and cost to negotiate a final resolution of this matter with the

Trustee. In addition, it would seem that the Probate Court in recognition of the Trustee's

obligations and statutory authority would also be substantially prejudiced if the Debtor were

permitted to exempt the Assets.

28.     By means of exemption, the Debtor seeks to circumvent the orders of both the

Bankruptcy Court and the Probate Court approving the Agreement.  The prejudice to the judicial

process will be in the form of prolonging litigation before the Probate Court and potentially

before the Bankruptcy Court where the Debtor would presumably seek to continue to pursue

recovery of the Assets.  Given the considerable efforts of the Trustee, the interests of the

creditors, the interests of the judicial process and the benefits to the bankruptcy Estate on the one

hand, and the wrongful concealment of the Debtor on the other hand, it is appropriate to deny any

exemption in the Assets as prejudicial.  It is simply too late in these proceedings to grant a new

exemption to the Debtor without doing irreparable harm to the Trustee's administration of this

case and to all the creditors and interest parties in this case.

**C.     The Debtor's Tardiness in Updating his Schedules Also Renders His Claims of
       Exemption Equitably and Pragmatically Moot**

29.     In the event that the Court does consider the merits of the Debtor's claims of

exemption, those claims should be disallowed as equitably moot.  There exists a "mélange of

doctrines relating to the court's discretion in matters of remedy and judicial administration" that

together form an equitable "cousin" to the constitutional mootness doctrine.  *See In re Eastern

Co.*, 148 B.R. 367, 370 (D. Mass. 1992).  This equitable doctrine dictates that a case may be

dismissed as moot even where a court may properly exercise its jurisdiction, if the court is unable

to fashion an effective remedy.  *See id.* (dismissal of appeal where trustee's actions, appellant's

failure to obtain stay, and comprehensive change in circumstances rendered it inequitable and

impractical for court to reach merits of appeal).  The doctrine recognizes "the important public

policy favoring orderly organization and settlement of debtor estates by affording finality to the

judgments of the bankruptcy court." *Id.* at 369 (internal quotations omitted).

30.     Here, the Debtor's tardiness in amending his claims of exemptions and his failure

to pursue a stay of the Court's order approving the Agreement has garnered additional

consequences.  In the intervening months since the order approving the Agreement, the

Agreement has been fully consummated by all the parties.  Numerous obligations have all been

fulfilled pursuant to the terms of the Agreement, including the following:

    a.      Connell has caused to be paid to the Estate $9,500.00 in full (the
            "Settlement Amount");

    b.      The Trustee and Connell have exchanged mutual general releases (the
            "Releases");

    c.      The Trustee has executed a quitclaim deed to Connell of a certain parcel of
            real estate (the "Deed");

    d.      The Trustee has delivered the executed Deed to Connell;

    e.      Connell has duly recorded the Deed in the Worcester County Registry of
            Deeds, thus transferring the real property subject to the Agreement;

    f.      The parties have submitted the Agreement to the Probate Court for
            approval; and

    g.      The Probate Court has approved the Agreement.

31.     The parties have performed all of their obligations under the Agreement, which

has now been completely consummated.  It is well settled that an appeal is moot where the

appellant's failure to obtain a stay allows events to develop in reliance on the bankruptcy court

order to such a degree that appellate relief becomes impracticable or impossible.  *See, e.g.*, *In re*

*Sasso*, 409 B.R. 251, 254 (B.A.P. 1st Cir. 2009) (dismissal proper where appellant once requested

stay but sought no further review of its denial).  Likewise, the Debtor's most recent attempt to

avoid the effects of the order approving the Agreement and the many orders denying relief to him

on other grounds is similarly moot.

32.    The Debtor did not seek a stay when the Order approving the Agreement was

issued, nor in the following weeks.  Finally, on February 11, 2011, *three weeks* after the court

approved the Agreement, the Debtor requested a stay, which was denied by the court.  The

Debtor failed to move for reconsideration of the denial, and did not seek timely appeal of that

decision, instead concentrating his efforts of filing a deluge of baseless and confusing motions

for reconsideration and amendments to motions for reconsideration.  The Debtor's attempt to

amend his claims of exemption in order to somehow undo the Agreement and undermine the

order approving it are a final—and fatally flawed—attempt at an appeal of the Court's order of

January 18, 2011.

> [A]n appeal may be dismissed as moot where an appellant neglects
> diligently to pursue available remedies such as a stay, or where an
> appellant, through 'procedural ineptitude,' pursues legally
> ineffective courses of action, which result in a comprehensive
> change of circumstances of the parties involved in the case.

*In re Eastern Co.*, 148 B.R. 367, 370 (D. Mass. 1992) (internal quotations omitted).  Because the

Debtor's actions have allowed the Agreement to be fully consummated in reliance on the order

approving the Agreement, the Debtor's amended claims of exemption should be disallowed.

33.    Equity also requires consideration of the rights of all interested parties in this case.

*See In re Eastern Co.*, 148 B.R. at 371-373 (dismissal affirmed where potential harm to

appellant did not warrant harm that would be imposed on third parties).  Importantly, allowing

the Debtor to exempt the Assets would effectively render the order approving the Agreement—

and the consummation of the Agreement—meaningless.  Such reversal would significantly injure

the rights of the creditors of the Estate, as the assets from the Agreement are the only assets

available for distribution in this case.  At the outset of his bankruptcy, the Debtor concealed his

interest in the divorce proceedings to the Trustee, and the case was declared "no asset."  Once the

Trustee discovered a potential recovery in the divorce proceeding, the case was reopened for a

distribution to creditors. The Debtor has vigorously objected to the Estate's assertion of its

interest in the divorce proceeding, without regard to the rights of his creditors. In the interim,

professionals in this case have expended time and resources to recover the assets in order to

attempt a distribution. *See In re Sasso*, 409 B.R. at 255 (dismissing appeal where, *inter alia*,

relief requested would inure to detriment of creditors and good faith professionals).

**D.    The Debtor's Claims of Exemption Exceed the Statutory Limits Imposed by the Bankruptcy Code**

34.    As set forth above, the Debtor's claims of exemption, even to the extent otherwise

allowable, exceed the statutory limits imposed by the Bankruptcy Code. The Debtor has sought

to exempt nearly $1,450,000 of property under his Amended Schedule C, along with the

extensive additional property of the Assets, the value of which the Debtor lists as "unknown". At

best, section 522(d) of the Bankruptcy Code would allow the Debtor to exempt some $30,000 of

property. Accordingly, even if the Debtor's claims of exemption did not fail for the various

reasons set forth in detail above, those claims would fail statutorily as a consequence of the

Bankruptcy Code's limits on the amounts for such exemptions.

**Conclusion**

35.    The Court specifically addressed the Debtor's concerns and objections at the

hearing conducted on January 18, 2011. In response to such arguments, the Court determined

that the Trustee had discharged her fiduciary duty to the Estate in investigating the claims of the

Debtor and Connell, that the Agreement was fair and reasonable, that the Trustee satisfied her

business judgment in entering into the Agreement, and that the Agreement was in the best

interests of the Debtor's Estate and creditors. Undaunted, the Debtor has filed a boggling

15

succession of baseless pleadings attempting to overturn the Court's order.  The Court should treat

this latest and most meritless attempt in the same manner as those preceding, and disallow the

Debtor's claims of exemption.

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully requests that the

Court enter an Order: (i) sustaining this Objection; (ii) disallowing the Debtor's claims of

exemption as set forth in Exhibit G; and (iii) granting such other and further relief as just and

necessary.

Respectfully submitted,

ANNE J. WHITE,
Chapter 7 Trustee of the estate of
STEPHEN P. MORGAN,

By her attorneys,

/s/  Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA  02110
Telephone: (617) 263-2600
Facsimile:  (617) 263-2300
email:       amattera@jdemeo.com

Dated:  April 4, 2011

# EXHIBIT A

B6A (Official Form 6A) (12/07)

In re    **Stephen J Morgan**                                            Case No.    **10-40497**
_____,
                            Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a
cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for
the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W,"
"J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under
"Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and
Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity
claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or
if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Home**<br>**6 Wyndemere Drive**<br>**Southbrough, MA 01772**<br>**Purchased 06/18/04**<br>**Property Appraised on 01/26/09 for $1,375,000**<br>**Current Broker's Price Opinion Listed** | **Tenants By the Entirety** | - | **1,100,000.00** | **1,237,726.20** |
| **Two Family Home**<br>**2 Howes Court**<br>**Southborough, MA 01772**<br>**Purchased 04/08/2004**<br>**Property Appraised on 01/26/09 for $390,000.00**<br>**Broker's Price Opinion** | **Tenants By the Entirety** | - | **320,000.00** | **459,999.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **1,420,000.00** | (Total of this page) |
| Total > | **1,420,000.00** | |

**0**    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

**EXHIBIT B**

B6B (Official Form 6B) (12/07)

In re   **Stephen J Morgan**                                              Case No.   **10-40497**
                                                            ,
                                 Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on Hand** | - | 203.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account Account #****1383 RTN Federal Credit Union** | - | 217.67 |
| | | **Savings Account Account #****1383 RTN Federal Credit Union** | - | 28.04 |
| | | **Checking Account Account #****4760 Tyco Federal Credit Union** | | 1,351.07 |
| | | **Savings Account Account #****4760 Tyco Federal Credit Union** | - | 50.33 |
| | | **Checking Account Account #****1444 American Eagle Federal Credit Union** | | 0.02 |
| | | **Savings Account Account #****1444 American Eagle Federal Credit Union** | - | 5.02 |
| | | **Money Market Account Account #****4760 Tyco Federal Credit Union** | - | 12.01 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Used Household Goods/Furniture Including (1) Steinway B Piano Miscellaneous Furniture and China Location: 6 Wyndemere Drive, Southborough, MA 01772 All Property Subject to Division by Probate Court** | J | 10,000.00 |

|  | Sub-Total > | 11,867.16 |
|---|---|---|
|  | (Total of this page) | |

  **3**   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Stephen J Morgan**                                                                 ,   Case No.   **10-40497**
                                         Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Used Household Goods/Furniture Miscellanous Items No Single Item of Value Location: 2 Howes Court Unit 2, Southborough MA 01772** | - | 1,500.00 |
| | | **Used Household Goods/Furniture Miscellaneous Items No Single Item of Value Location: 206 Turnpike Road, Southborough, MA 01772** | - | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Used Clothing No Single Item of Value Location: 2 Howes Court Unit 2, Southborough MA 01772** | - | 500.00 |
| 7. Furs and jewelry. | | **Used Jewelry Including Wedding Band Location: 2 Howes Court Unit 2, Southborough MA 01772** | - | 250.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

Sub-Total >      2,750.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Stephen J Morgan**                                                                    Case No.    **10-40497**
                                                        ,
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **120,000 Shares Tatnuck Systems, Inc. Corporation is in an Active Chapter 7 No Value** | - | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Civil Tort Action Claim consists of damages sustained when Debtor was wrongfully removed from his home via 209A and to determine ownership rights of real property** | - | **Unknown** |
| | | **Potential Claims against Ex-Wife for Legal Fees/Costs/Living Expenses** | - | **Unknown** |
| | | **Requested Abatements on 2007 Federal and State Tax Returns; Federal $745.47; State $850.00 Value Listed is if Abatement Granted in Full** | - | **Unknown** |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |

Sub-Total >                 **0.00**
(Total of this page)

Sheet  __2__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Stephen J Morgan**                                        ,   Case No. ___**10-40497**_____
                                                  Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2000 Ford Focus Mileage: 100,000 Fair Condition KBB Value** | - | 1,310.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 1,310.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 15,927.16 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

**EXHIBIT C**

B6C (Official Form 6C) (12/07)

In re __Stephen J Morgan_____,    Case No. ___10-40497___
                                    Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                         $136,875.
■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on Hand | 11 U.S.C. § 522(d)(5) | 203.00 | 203.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking Account Account #****1383 RTN Federal Credit Union | 11 U.S.C. § 522(d)(5) | 217.67 | 217.67 |
| Savings Account Account #****1383 RTN Federal Credit Union | 11 U.S.C. § 522(d)(5) | 28.04 | 28.04 |
| Checking Account Account #****4760 Tyco Federal Credit Union | 11 U.S.C. § 522(d)(5) | 1,351.07 | 1,351.07 |
| Savings Account Account #****4760 Tyco Federal Credit Union | 11 U.S.C. § 522(d)(5) | 50.33 | 50.33 |
| Checking Account Account #****1444 American Eagle Federal Credit Union | 11 U.S.C. § 522(d)(5) | 0.02 | 0.02 |
| Savings Account Account #****1444 American Eagle Federal Credit Union | 11 U.S.C. § 522(d)(5) | 5.02 | 5.02 |
| Money Market Account Account #****4760 Tyco Federal Credit Union | 11 U.S.C. § 522(d)(5) | 12.01 | 12.01 |
| **Household Goods and Furnishings** | | | |
| Used Household Goods/Furniture Including (1) Stienway B Piano Miscellaneous Furniture and China Location: 6 Wyndemere Drive, Southborough, MA 01772 All Property Subject to Division by Probate Court | 11 U.S.C. § 522(d)(3) 11 U.S.C. § 522(d)(5) | 8,500.00 1,500.00 | 10,000.00 |
| Used Household Goods/Furniture Miscellanous Items No Single Item of Value Location: 2 Howes Court Unit 2, Southborough MA 01772 | 11 U.S.C. § 522(d)(3) 11 U.S.C. § 522(d)(5) | 1,275.00 225.00 | 1,500.00 |
| Used Household Goods/Furniture Miscellaneous Items No Single Item of Value Location: 206 Turnpike Road, Southborough, MA 01772 | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |

___1___  continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (12/07) -- Cont.

In re    Stephen J Morgan                                                    Case No.    10-40497
                                                                        ,
                                              Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Wearing Apparel** **Used Clothing** **No Single Item of Value** **Location: 2 Howes Court Unit 2, Southborough MA 01772** | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Furs and Jewelry** **Used Jewelry** **Including Wedding Band** **Location: 2 Howes Court Unit 2, Southborough MA 01772** | 11 U.S.C. § 522(d)(4) | 250.00 | 250.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** **2000 Ford Focus** **Mileage: 100,000** **Fair Condition** **KBB Value** | 11 U.S.C. § 522(d)(2) | 1,310.00 | 1,310.00 |

|  | Total: | 15,927.16 | 15,927.16 |

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

# EXHIBIT D

# Mr. Stephen J. Morgan

P.O. Box 586, Southborough, MA 01772-2106,
(508) 930-4096, (508) 630-1253 (fax),
Steve@TheGreatHill.com

September 6, 2010

Demeo & Associates, P.C.
Attn:  Anne J. White
One Lewis Wharf
Boston, MA  02110-3902

Re;          Bankruptcy Case #10- 40497
             Divorce Case #06D-2900-DV1

Dear Trustee White:

I currently represent myself in my divorce action.  My trial on MGL 208 § 34 asset division began on August 27, 2010 before anyone realized my bankruptcy case had been reopened.  The trial is now on hold again by the return of the automatic stay; however, during my presentation of my case Judge DiLeo took issue and warned me from the bench she may be mandated to report me to you regarding the case.

It is my belief that you have a full understanding of the situation from my bankruptcy petition and our discussions at the 341 meeting.  Out of caution I would like to proactively confirm with you and avoid creating any legal issue or misunderstanding.  I would like to be in a position to report to Judge DiLeo that I have discussed her concerns with you when the case resumes latter in the year.

The concern as I understand it by Judge DiLeo arises as I am seeking an equitable distribution of marital assets.  I understand the assets for potential division in the case include both my assets listed in my petition and the other assets of my spouse Karen who is not a direct part of the individual petition.  I did not list in my petition for example real estate trusts owned by Karen individually or other personal property owned by her except to the extend it is joint.  The Judge seemed concerned that I was seeking equitable distribution also related to these assets which were not in my petition.

I understand from bankruptcy counsel Rose Clayton that my approach of listing only my assets and those I have a joint interest in is a proper approach.  I also listed on Schedule B at 21 clams against Karen, the litigation of the divorce case itself is on page 35 and I recall we had some discussions at the 341 meeting.

I believe you are aware that Karen has significant assets in her name solely which she is defending in the divorce case.  With a short term marriage it is unlikely that I will be assigned these assets but there is I believe possibility of an equitable order of some form which I plan to pursue.  At the trial I plan to argue that all of the assets which include those I listed in the petition and those she has alone which are not listed in my petition should be equitably divided.

This position is based on Karen's conduct during the short marriage and other factors under MGL 208 § 34.  That the probate judge should appropriately consider the whole picture when making an equitable decision and not just look at my petition alone and the property I have remaining upon discharge.

Please provide any feedback or additional inquiry you feel appropriate. It would be helpful if you could confirm that you are satisfied regarding Karen's assets relative to the divorce division so I can report such to the probate court and be clear regarding the expressed concerns.

I believe you have already determined based upon discussion at the 341 meeting and your report not to step into the prosecution of my divorce assets division on behalf of creditors. Please confirm.

Thank you for your assistance with this difficult process. Please advise if you need further information.


Very Truly Yours,

Stephen J. Morgan

SJM/sjm

cc: Rosaleen J. Clayton, Esq.

# EXHIBIT E

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT DEPARTMENT

WORCESTER DIVISION                    DOCKET NO. 06D 2900 DV1

STEPHEN J. MORGAN,
*Plaintiff,*

KAREN E.V. CONNELL,
f/k/a KAREN E.V. MORGAN
*Defendant.*

## <u>DEFENDANT'S MOTION TO AFFIRM AND ADOPT JUDGMENT OF THE UNITED STATES BANKRUPTCY COURT DATED JANUARY 18, 2011, CASE # 10-40497</u>

NOW COMES the Defendant, Karen E.V. Connell f/k/a Karen E.V. Morgan, by her attorneys, and respectfully moves this Honorable Court to affirm and adopt the Judgment of the Unites States Bankruptcy Court dated January 18, 2011, Case # 10-40497 and to enter same as its own Supplemental Judgment of Divorce in the above-captioned matter. As ground in support, the Defendant states the following:

1. On August 24, 2009, this Court bifurcated the issues of custody, visitation and support and the distribution of the marital assets and liabilities pursuant to M.G.L. c. 208 §34 as a result of the Defendant's bankruptcy filings.

2. On February 10, 2010, as amended, a Judgment of Divorce Nisi was entered on the issues of custody, visitation and support.

3. On February 5, 2010, the Plaintiff filed for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4. The proceedings with regard to the distribution of the marital assets and liabilities in this matter were automatically stayed by the Plaintiff's filing for Chapter 7 Bankruptcy.

5. On January 18, 2011, the Unites States Bankruptcy Court entered a Judgment in the matter of the Plaintiff's bankruptcy action, Case # 10-40497, granting the Motion of Anne J. White, Chapter 7 Trustee, to Compromise Controversy Pursuant to Rule 9019 of the Federal Rules of Bankruptcy, along with the Stipulation of the Parties settling the distribution of marital assets and liabilities (see <u>Exhibit A</u>);

6. According to paragraph 9d of said Motion and paragraph 4 of said Stipulation: "relief from the automatic stay imposed by the Bankruptcy Code shall be *granted* with respect to the litigation pending in the Probate Court, captioned Stephen J. Morgan v. Karen E.V. Morgan, Docket No. 06D-2900-DV1."

7. Pursuant to paragraph 9e of said Motion and paragraph 5 of said stipulation: "The Stipulation shall be submitted to the Probate Court after approval by the Bankruptcy Court."

*see p 646/651 for allowed motion to file*

1

02-28    20 11
MOTION ALLOWED ~~DENIED~~ Adopted
only

JUDGE OF PROBATE COURT

**EXHIBIT F**

B6B (Official Form 6B) (12/07)

In re    **Stephen J Morgan**                                                    Case No.    **10-40497**
_____,
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on Hand** | - | 203.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account Account #****1383 RTN Federal Credit Union** | - | 217.67 |
| | | **Savings Account Account #****1383 RTN Federal Credit Union** | - | 28.04 |
| | | **Checking Account Account #****4760 Tyco Federal Credit Union** | | 1,351.07 |
| | | **Savings Account Account #****4760 Tyco Federal Credit Union** | | 50.33 |
| | | **Checking Account Account #****1444 American Eagle Federal Credit Union** | - | 0.02 |
| | | **Savings Account Account #****1444 American Eagle Federal Credit Union** | - | 5.02 |
| | | **Money Market Account Account #****4760 Tyco Federal Credit Union** | - | 12.01 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Used Household Goods/Furniture Including (1) Stienway B Piano Miscellaneous Furniture and China Location: 6 Wyndemere Drive, Southborough, MA 01772 All Property Subject to Division by Probate Court** | - | 10,000.00 |

|  | Sub-Total >  | 11,867.16 |
|---|---|---|
|  | (Total of this page) |  |

__4__    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re **Stephen J Morgan** ,      Case No. **10-40497**
                        Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Used Household Goods/Furniture Miscellanous Items No Single Item of Value Location: 2 Howes Court Unit 2, Southborough MA 01772 | - | 1,500.00 |
| | | Used Household Goods/Furniture Miscellaneous Items No Single Item of Value Location: 206 Turnpike Road, Southborough, MA 01772 | - | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Used Clothing No Single Item of Value Location: 2 Howes Court Unit 2, Southborough MA 01772 | - | 500.00 |
| 7. Furs and jewelry. | | Used Jewelry Including Wedding Band Location: 2 Howes Court Unit 2, Southborough MA 01772 | - | 250.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

                                                     Sub-Total >      **2,750.00**
(Total of this page)

Sheet  **1**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     **Stephen J Morgan**                                                                    Case No.   **10-40497**
                                                                            ,
                                        Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **120,000 Shares Tatnuck Systems, Inc. Corporation is in an Active Chapter 7 No Value** | - | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Civil Tort Action Claim consists of damages sustained when Debtor was wrongfully removed from his home via 209A and to determine ownership rights of real property** | - | Unknown |
| | | **Potential Claims against Ex-Wife for Legal Fees/Costs/Living Expenses** | - | Unknown |
| | | **Requested Abatements on 2007 Federal and State Tax Returns; Federal $745.47; State $850.00 Value Listed is if Abatement Granted in Full** | - | Unknown |

Sub-Total >                    0.00
(Total of this page)

Sheet   **2**   of   **4**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

| In re | Stephen J Morgan | | Case No. | 10-40497 |
|---|---|---|---|---|
| | | Debtor | | |

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | THIS IS CUMULATIVE WITH OTHER EXEMPTIONS LISTED ABOVE | - | Unknown |
| | | Potential Claims/Settlements/Asset Distributions Involving Debtor's Divorce Proceedings; Including All Assets Known or Unknown; Held Individually, Jointly or In Trust; including but not limited to the following disclosed assets: 1. $75,000.00 estimated personal property (including her interest beyond that listed jointly above under #4); 2. $250,000.00 estimated in business realty trusts; 3. $90,000.00 estimated in stocks; 4. $2,500.00 estimated in checking/savings accounts; 5. $102,000.00 estimated 401(k) retirement accounts; 6. Potential Interests in Tax Refunds from 2006, 2007, 2008, and 2009. | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 Ford Focus Mileage: 100,000 Fair Condition KBB Value | - | 1,310.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Sub-Total >   1,310.00
(Total of this page)

Sheet  3  of  4  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **Stephen J Morgan** , Case No. __**10-40497**__

Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >     0.00
(Total of this page)
Total >    15,927.16

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

**EXHIBIT G**

B6C (Official Form 6C) (12/07)

In re    **Stephen J Morgan**                                                    Case No. __**10-40497**__
                                            Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $136,875.
☒ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Single Family Home**<br>**6 Wyndemere Drive**<br>**Southbrough, MA 01772**<br>**Purchased 06/18/04**<br>**Property Appraised on 01/26/09 for $1,375,000**<br>**Current Broker's Price Opinion Listed** | 11 U.S.C. § 522(d)(5) | 100% | 1,100,000.00 |
| **Two Family Home**<br>**2 Howes Court**<br>**Southborough, MA 01772**<br>**Purchased 04/08/2004**<br>**Property Appraised on 01/26/09 for $390,000.00**<br>**Broker's Price Opinion** | 11 U.S.C. § 522(d)(1) | 100% | 320,000.00 |
| **Cash on Hand** | | | |
| **Cash on Hand** | 11 U.S.C. § 522(d)(5) | 203.00 | 203.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account**<br>**Account #****1383**<br>**RTN Federal Credit Union** | 11 U.S.C. § 522(d)(5) | 217.67 | 217.67 |
| **Savings Account**<br>**Account #*****1383**<br>**RTN Federal Credit Union** | 11 U.S.C. § 522(d)(5) | 28.04 | 28.04 |
| **Checking Account**<br>**Account #****4760**<br>**Tyco Federal Credit Union** | 11 U.S.C. § 522(d)(5) | 1,351.07 | 1,351.07 |
| **Savings Account**<br>**Account #****4760**<br>**Tyco Federal Credit Union** | 11 U.S.C. § 522(d)(5) | 50.33 | 50.33 |
| **Checking Account**<br>**Account #****1444**<br>**American Eagle Federal Credit Union** | 11 U.S.C. § 522(d)(5) | 0.02 | 0.02 |
| **Savings Account**<br>**Account #****1444**<br>**American Eagle Federal Credit Union** | 11 U.S.C. § 522(d)(5) | 5.02 | 5.02 |
| **Money Market Account**<br>**Account #****4760**<br>**Tyco Federal Credit Union** | 11 U.S.C. § 522(d)(5) | 12.01 | 12.01 |

__2__   continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (12/07) -- Cont.

In re   Stephen J Morgan _____ ,   Case No.   10-40497 _____

Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings**<br>Used Household Goods/Furniture<br>Including (1) Stienway B Piano<br>Miscellaneous Furniture and China<br>Location: 6 Wyndemere Drive, Southborough, MA 01772<br>All Property Subject to Division by Probate Court | 11 U.S.C. § 522(d)(3)<br>11 U.S.C. § 522(d)(5) | 8,500.00<br>1,500.00 | 10,000.00 |
| Used Household Goods/Furniture<br>Miscellanous Items<br>No Single Item of Value<br>Location: 2 Howes Court Unit 2, Southborough MA 01772 | 11 U.S.C. § 522(d)(3)<br>11 U.S.C. § 522(d)(5) | 1,275.00<br>225.00 | 1,500.00 |
| Used Household Goods/Furniture<br>Miscellaneous Items<br>No Single Item of Value<br>Location: 206 Turnpike Road, Southborough, MA 01772 | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Wearing Apparel**<br>Used Clothing<br>No Single Item of Value<br>Location: 2 Howes Court Unit 2, Southborough MA 01772 | 11 U.S.C. § 522(d)(3) | 500.00 | 500.00 |
| **Furs and Jewelry**<br>Used Jewelry<br>Including Wedding Band<br>Location: 2 Howes Court Unit 2, Southborough MA 01772 | 11 U.S.C. § 522(d)(4) | 250.00 | 250.00 |
| **Other Contingent and Unliquidated Claims of Every Nature**<br>Civil Tort Action<br>Claim consists of damages sustained when Debtor was wrongfully removed from his home via 209A and to determine ownership rights of real property | 11 U.S.C. § 522(d)(5) | 100% ~~1.00~~ *sjm*<br>SEE BELOW | Unknown |
| Potential Claims against Ex-Wife<br>for Legal Fees/Costs/Living Expenses | 11 U.S.C. § 522(d)(10)(D) | 100% ~~0.00~~ *sjm*<br>SEE BELOW | Unknown |

Sheet __1__ of __2__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6C (Official Form 6C) (12/07) -- Cont.

In re   Stephen J Morgan                                        Case No.   10-40497
                                    Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| THIS IS CUMULATIVE WITH OTHER EXEMPTIONS LISTED ABOVE | 11 U.S.C. § 522(d)(5) | 8,382.84 | Unknown |
| | 11 U.S.C. § 522(d)(4) | 1,200.00 | |
| | 11 U.S.C. § 522(d)(3) | 750.00 | |
| Potential Claims/Settlements/Asset | 11 U.S.C. § 522(d)(10)(D) | 100% | |
| Distributions | 11 U.S.C. § 522(d)(12) | 1.00 100% sjm | |
| Involving Debtor's Divorce Proceedings; | | | |
| Including | | | |
| All Assets Known or Unknown; Held | | | |
| Individually, Jointly or | | | |
| In Trust; including but not limited to the | | | |
| following disclosed assets: | | | |
| 1. $75,000.00 estimated personal property | | | |
| (including her interest beyond that listed jointly | | | |
| above under #4); | | | |
| 2. $250,000.00 estimated in business realty | | | |
| trusts; | | | |
| 3. $90,000.00 estimated in stocks; | | | |
| 4. $2,500.00 estimated in checking/savings | | | |
| accounts; | | | |
| 5. $102,000.00 estimated 401(k) retirement | | | |
| accounts; | | | |
| 6. Potential Interests in Tax Refunds from 2006, | | | |
| 2007, 2008, and 2009. | | | |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2000 Ford Focus | 11 U.S.C. § 522(d)(2) | 1,310.00 | 1,310.00 |
| Mileage: 100,000 | | | |
| Fair Condition | | | |
| KBB Value | | | |
| | | Total: | 26,262.00 | 1,435,927.16 |

Sheet __2__ of __2__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

In re

     STEPHEN J. MORGAN,

         Debtor.

Chapter 7
Case No. 10-40497-JNF

## CERTIFICATE OF SERVICE

I, Alex F. Mattera, hereby certify that, on this 4th day of April, 2011, I caused to be

served a copy of the foregoing Objection Of Anne J. White, Chapter 7 Trustee, To Debtor's

Amended Schedule Of Exemptions to those appearing on the attached Service List via first-class

mail, postage-prepaid, unless electronically served by the Court as indicated thereon.

/s/  Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA  02110
Telephone:    (617) 263-2600
Facsimile:    (617) 263-2300
Email:        amattera@jdemeo.com

## SERVICE LIST

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*(Electronically served by the Court)*

Rosaleen J. Clayton
319A Southbridge Street
Auburn, MA 01501
*(Electronically served by the Court)*

Stephan M. Rodolakis
Fletcher Tilton & Whipple, P.C.
370 Main Street, 11th floor
Worcester, MA 01608
*(Electronically served by the Court)*

Janice G. Marsh
The Marsh Law Firm, PC
446 Main Street
19th Floor
Worcester, MA 01608
*(Electronically served by the Court)*

Paul J. Mulligan
Orlans Moran PLLC
PO Box 962169
45 School Street
Boston, MA 02196
*(Electronically served by the Court)*

Gazion Kotoni
10 Bridge St.
Suite 203
Lowell, MA 01852
*(Electronically served by the Court)*

Stephen J Morgan
2 Howes Court Unit 2
Southborough, MA 01772

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Massachusetts Department Of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564

ADT Security Systems
P.O. Box 371490
Pittsburgh, PA 15250-7490

Allied Waste Services
845 Burnett Rd
Chicopee, MA 01020

American Eagle Federal Credit Union
417 Main Street
East Hartford, CT 06118

American Express
c/o Becket and Lee LLP
Po Box 3001
Malvern, PA 19355

American Express Bank, FSB
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

American Express Centurion Bank
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

American FCU/DOV
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047

American Honda Finance
Po Box 168088
Irving, TX 75016

Associated Recovery Systems
PO Box 469046
Escondido, CA 92046-9046

Atlas Glenmor
295 Eastern Avenue
Chelsea, MA 02150

Bank Of America
Po Box 17054
Wilmington, DE 19850

Bank Of America
Po Box 1598
Norfolk, VA 23501

Bank Of America
Attn: Bankruptcy NC4-105-02-99
Po Box 26012
Greensboro, NC 27410

Bank of America 15026
PO Box 15026
Wilmington, DE 19850-5026

Betro and Companies
30 Mechanic Street
Foxboro, MA 02035

Capital Management Services,
Inc.
726 Exchange Street
Suite 700
Buffalo, NY 14210

Capital One
PO Box 71083
Charlotte, NC 28273-1083

Card Work Servicing
PO Box 9201
Old Bethpage, NY 11804

CBW Landscape Construction
396 Pleasant Street
Framingham, MA 01701

Charter Communications
95 Higgins Street
Worcester, MA 01606

Chase
Po Box 15298
Wilmington, DE 19850

Chase
Bank One Card Serv
Westerville, OH 43081

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Chex Systems, Inc.
Consumer Relations
7805 Hudson Road
Suite 100
Saint Paul, MN 55125

Chubb Group Insurance Co.
PO Box 7247-0180
Philadelphia, PA 19170-0180

Citi
Po Box 6241
Sioux Falls, SD 57117

Citi
PO Box 183051
Columbus OH 43218-3051

Dennis M. Doyle
22 Parkerville Road
Southborough, MA 01772

Diane Giagrande
9 Temple Terrace
Bedford, MA 01730

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany OH 43054-3025

Discover Bank
Discover Products Inc.
PO Box 3025
New Albany, OH 43054-3025

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850

E*trade Credit Card
101 Crossways Park
Woodbury, NY 11797

Financial Asset Management Systems
PO Box 451409
Atlanta, GA 31145-9409

First Source Advantage, LLC
205 Bryant Woods South
Buffalo, NY 14228

First Tennessee Bank
3409 Poplar Ave
Memphis, TN 38111

First Tennessee Bank National Association
c/o Joshua R. Holden
P.O. Box 2428
Knoxville, TN 37901-2428

Fst Tn Bk Mp
6522 Chapman Hwy
Knoxville, TN 37920

GC Services
PO Box 46960
Saint Louis, MO 63146

GC Services Limited Partnership
Collection Agency Division
6330 Gulfton
Houston, TX 77072

Joseph C. McGill
Department of Pyschiatry
306 Belmont Street
Worcester, MA 01604

Karen E.V. Morgan
6 Wyndemere Drive
Southborough MA 01772

Lakeside Sewerage Service
780 North Bigelow Street
Marlborough, MA 01752

Law Office of Neil S. Davis
390 Main Street,
Suite 720
Worcester, MA 01608

Murray, Murray & Richards, LLP
10 Mechanic Street,
Suite 150
Worcester, MA 01608

National Action Financial Services
165 Lawrence Bell DR, STE 100
P.O. Box 9027
Buffalo, NY 14231-9027

National Grid
PO Box 1005
Woburn, MA 01807-0005

Nationwide Credit Inc.
2015 Vaughn RD NW
STE 400
Kennesaw, GA 30144-7802

NCO Financial
Services
PO Box 530914
Atlanta, GA 30353

Nstar
P.O. Box 4508
Woburn, MA 01888-4508

Peoples United Bank
120 Front Street
Worcester, MA 01608

Petro Holdings, Inc.
c/o Law Office of
John A. DeSanno, Jr.
P.O. Box 422
Warren, RI 02885

Petro, Inc.
520 Broadhollow Road
Suite 200W
Melville, NY 11747

PFG of Minnesota
7825 Washington Ave S.
Suite 3100
Minneapolis, MN 55439

Rab Inc
PO Box 1022
Wixom, MI 48393

Sager & Schaffer LLP
182 Turnpike Road, Suite 250
Westborough, MA 01581
Attn: Steven T. Sager, Esq.

Sager and Schaffer
182 Turnpike Road
Suite 250
Westborough, MA 01581

T-Mobile USA, Inc.
P.O. Box 248848
Oklahoma City, OK 73124-8848

Tatnuck Systems Inc.
c/o Stephen J. Morgan, President
P.O. Box 586
Southborough, MA 01772-0586

Town of Southborough
Collector of Taxes
PO Box 521
Medford, MA 02155

Town of Southborough
PO Box 521
Medford, MA 02155

United Recovery
Systems
5800 North Corse Drive
Houston, TX 77072

Valentine & Kebartas, Inc.
PO Box 325
Lawrence, MA 01842

Verizon
Bankruptcy Department
3900 Washington Street
Wilmington, DE 19802

Wagner Ribeiro
Flynn and Clark PC
One Main St.
Cambridge, MA 02142

Wells Fargo Bank Nv Na
Po Box 31557
Billings, MT 59107

West Asset Management
PO Box 790113
Saint Louis, MO 63179

Wilde
1490 Main Street
Jefferson, MA 01522

Winchester, Sellers, Foster &
Steele, PC
PO Box 2428
Knoxville, TN 37901-2428

4