UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**STEPHEN J. MORGAN,**                                        Chapter 7
    Debtor                                            Case No. 10-40497-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matters before the Court are 1) the Chapter 7 Trustee's Objection to the Debtor's Amended Schedule of Exemptions to which Stephen J. Morgan (the "Debtor") filed an Opposition; and 2) the Chapter 7 Trustee's Motion for Sanctions against the Debtor to which the Debtor filed an Opposition. The Court heard the Chapter 7 Trustee's Objection and Motion and the Debtor's Oppositions on June 22, 2011 and took the matters under advisement.

The Court finds that there are no material facts in dispute and the matters are ripe for determination. Although the Debtor suggests that an evidentiary hearing is required before the Court can determine whether the Trustee satisfied her burden of establishing concealment of assets or prejudice in conjunction with her Objection to his amended claim

of exemptions, the Court, as will be discussed below, rules that an evidentiary hearing is not required or necessary.

The issues presented include whether the Trustee has sustained her burden with respect to her Objection to the Debtor's Amended Schedule of Exemptions and whether she is entitled to an award of either monetary or non-monetary sanctions.

## II. BACKGROUND

The Debtor filed a voluntary Chapter 7 petition on February 5, 2010. Although the Debtor included his former spouse, Karen E. V. Connell ("Connell"), on his matrix list of creditors, the certificate of notice filed with the Court by the Bankruptcy Noticing Center on February 11, 2010 did not include Connell, and it is unclear when she was notified or learned of the commencement of the Debtor's bankruptcy case.

Approximately one month later, on March 5, 2010, the Debtor filed his Schedules of Assets and Liabilities and his Statement of Financial Affairs and other required documents. On Schedule A-Real Property, the Debtor listed a single family home located at 6 Wyndemere Drive, Southborough, Massachusetts and a two family home located at 2 Howes Court, Southborough, Massachusetts. The Debtor disclosed his interests in the properties as tenants by the entirety and valued them at $1.1 million and $320,000, respectively. On Schedule D-Creditors Holding Secured Claims, the Debtor listed a first and second mortgage on the Wyndemere Drive property which exceeded the value of that property and a first mortgage on the Howes Court property which exceeded its value.

On Schedule B-Personal Property, the Debtor listed the following assets:

| **Property** | Ownership | Value |
|---|---|---|
| Used Household Goods/Furniture including (1) Stienway B Piano [sic]<br>Miscellaneous Furniture and China<br>Location: 6 Wyndemere Drive, Southborough, MA 01772<br>All Property Subject to Division by Probate Court | Joint | $10,000 |
| Used Household Goods/Furniture<br>Miscellaneous Items<br>No Single Item of Value<br>Location : 2 Howes Court Unit 2, Southborough, MA 01772 | | $1,500 |
| Civil Tort Action<br>Claim consists of damages sustained when<br>Debtor was wrongfully removed from his home<br>via 209A and to determine ownership rights of<br>real property | | Unknown |
| Potential Claims against Ex-Wife<br>for Legal Fees/Costs/Living Expenses | | Unknown |

The Debtor claimed the used household goods and furniture and other items located at the Wyndemere Drive and Howes Court properties as fully exempt pursuant to 11 U.S.C. § 522(d)(3) and (d)(5). He did not claim either the civil tort action or the potential claims against his former spouse as exempt.

On May 4, 2010, the Debtor amended his Schedule F-Creditors Holding Unsecured Nonpriority Claims and his matrix. He included Connell, identified as Karen E. Morgan with an address of 6 Wyndemere Drive, Southborough, on amended Schedule F. He described her claim as "Potential Obligations, that are not classified as Domestic Support Obligations, arising from debts or litigation pending at the commencement of the case." The Notice to Added Creditors, however, was not served on Connell by the Bankruptcy

Noticing Center.

On July 27, 2010, the Debtor received a discharge, and, on July 30, 2010, an order was entered discharging the Trustee and closing the case. On August 27, 2010, the Court vacated the order discharging the Trustee and closing the case, as well as the order discharging the Debtor. The Court determined that those orders had been entered in error because numerous creditors were not provided with notice of the opportunity to file complaints under 11 U.S.C. § 523 or 11 U.S.C. § 727. Accordingly, the Debtor's bankruptcy case was reopened.

On September 2, 2010, Connell, identified as Karen E. V. Morgan, finally was served with the Notice of Added Creditors.

On October 19, 2010, the Chapter 7 Trustee filed a Motion to Compromise Controversy Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Her Motion followed both her receipt of a letter from the Debtor dated September 6, 2010, discussed below, and the withdrawal of her Report of No Distribution on September 9, 2010.

The Debtor objected to the Motion to Compromise. On January 18, 2011, the Court overruled the Debtor's objection and approved the compromise, precipitating a cascade of motions for reconsideration, an appeal to the United States Bankruptcy Appellate Panel for the First Circuit, and an Emergency Motion for Stay Pending Appeal. *See generally* In re Morgan, No. 10-40497, 2011 WL 1168297 (Bankr. D. Mass. March 29, 2011). On April 27, 2011, the United States Bankruptcy Appellate Panel for the First Circuit dismissed the

Debtor's appeal. Additionally, on May 23, 2011, the panel, finding that the Debtor's appeal was frivolous, awarded sanctions to the Trustee for her fees and expenses in the total sum of $14,015.47 and remanded the matter to this Court for "further orders consistent herewith."

Following approval of the Trustee's Motion to Compromise, Connell filed a "Motion to Affirm and Adopt Judgment of the United States Bankruptcy Court Dated January 18, 2011, Case #10-40497," in the Worcester Division of the Probate and Family Court, Department of the Trial Court. That court approved the Motion on February 20, 2011.

In its decision with respect to the Motion for Stay Pending Appeal, this Court set forth the contents and rationale for the Trustee's compromise with the Debtor's former spouse, as well as its reasons for approving the Trustee's Motion to Compromise and overruling the Debtor's objection. The Court observed the following with respect to the Trustee's compromise:

> In her Motion to Compromise, the Chapter 7 Trustee recited the following:
>
>> Prior to the Petition Date, the Debtor and Connell had initiated divorce proceedings in the Massachusetts Trial Court, Probate and Family Court Department, Worcester Division (the "Probate Court"). The parties were in possession of marital, personal and any other property, real or personal, tangible or intangible, standing in the name of "Karen EV Connell" or Karen EV Morgan", whether held individually, jointly, in the name of another for her benefit, or held by her for the minor child, including, *inter alia*, certain limited partnerships, stocks, realty trusts, partnerships and/or limited partnerships, or trusts in which Connell held an interest, beneficial or otherwise, as described as follows:
>>
>>> a. Six (6) shares (non-voting class B stock) in Connell Curley Insurance Agency

5

    b. Mutual of America 401K ending in H-1K

    c. Bank of Bermuda Savings Account ending in 0636

    d. Citizens Bank Checking account ending 428

    e. 2 Howe's Court, Southborough, MA . . .

    f. Three Scollay Square Limited Partnership (33%)

    g. Mount Anvil Limited Partnership (33%)

    h. Saint Mark's Limited Partnership (33%)

    i. Personal property, household furnishings, personal jewelry and Steinway Piano (all above collectively identified as, the Assets")[.]¹

The Trustee recognized that the Debtor had asserted claims against Connell's interest in the Assets, adding "Connell has asserted colorable claims and defenses to the Debtor's claims;" and that "[t]he value of Connell's interest in the Assets is of indeterminate value."

The compromise proposed by the Trustee included the following provisions:

    a. Connell shall immediately pay to the Estate the sum of $9,500 (the "Settlement Amount") in full and final satisfaction of any and all claims which the Estate has against Connell's interest in the Assets.

    b. The Trustee shall waive and release any interest of the Estate in the Assets and Connell's interest therein.

    c. The Trustee shall execute a Trustee's Quitclaim Deed conveying all right, title and interest of the Estate to Karen E. V. Connell (f/k/a Karen E. V. Morgan) in and to the real estate

---

¹ The only Assets listed by the Trustee in which the Debtor claimed an interest and also claimed as exempt are the household furnishings, personal property and the Steinway piano. The Debtor indicated on his original Schedule B that his ownership of those assets was joint.

6

>   located at 2 Howe's Court, Southborough, Massachusetts, recorded at the Worcester County Registry of Deeds at Book 33261, Page 221.
>
>   d. Relief from the automatic stay imposed by the Bankruptcy Code shall be granted with respect to the litigation pending in the Probate Court, captioned Stephen J. Morgan v. Karen E. V. Morgan, Docket No. 06D-2900-DV 1.
>
>   e. The Stipulation shall be submitted to the Probate Court after approval by the Bankruptcy Court[; and]
>
>   f. The parties shall exchange mutual general releases.

In re Morgan, 2011 WL 1168297 at *3. The Court incorporates its prior decision herein. In sum, the Court concluded that the compromise proposed by the Trustee was fair and reasonable under the circumstances and that the consideration provided by Connell in the sum of $9,500 for a release of the estate's interests in marital property, the division of which was best determined by the Probate Court, benefitted the bankruptcy estate. Additionally, because the real property located at 2 Howes Court was property of the estate, the Trustee was authorized to convey it to Connell as part of the compromise. Id. at * 4. This Court stated:

>   The Court authorized the Trustee to settle claims by and against Connell, using property of the Debtor's bankruptcy estate. Except for the transfer of the estate's interest in the property located at 2 Howes Court, Southborough and the release of claims listed by the Debtor against his former spouse on Schedule B, which the Debtor did not claim as exempt on Schedule C, the Court neither approved nor intended to approve a final disposition of the marital property listed by the Trustee in her Motion to Compromise Controversy. The Debtor's Objection to the Motion to Compromise and his complaints set forth in his motions for reconsideration lack merit and reflect a misapprehension of bankruptcy law.

7

<u>Id.</u> at 6.

On March 10, 2011, the Debtor amended Schedules B and C. On amended Schedule B, he disclosed for the first time the following assets:

> Potential Claims/Settlements/Asset Distributions Involving Debtor's Divorce Proceedings; Including All Assets Known or Unknown; Held Individually, Jointly or In Trust; including but not limited to the following disclosed assets:
>
> 1. $75,000.00 estimated personal property (including her interest beyond that listed jointly above under #4);
> 2. $250,000.00 estimated in business realty trusts;
> 3. $90,000.00 estimated in stocks;
> 4. $2,500.00 estimated in checking/savings accounts;
> 5. $102,000.00 estimated 401(k) retirement accounts;
> 6. Potential Interests in Tax Refunds from 2006, 2007, 2008, and 2009.

The Debtor amended Schedule C to include the Wyndemere Drive property and the Howes Court property, claiming them as exempt pursuant to 11 U.S.C. § 522(d)(5) and (d)(1), respectively. He also added the following property on amended Schedule C:

| Property | Basis for Exemption | Value Claimed as Exempt |
|---|---|---|
| Used Household Goods/Furniture Miscellaneous Items No Single Item of Value Location: 206 Turnpike Road, Southborough, MA 01772 | 11 U.S.C. § 522(d)(3) | $500.00 |
| Civil Tort Action Claim consists of damages sustained when Debtor was wrongfully removed from his home via 209A and to determine ownership rights of real property | 11 U.S.C. § 522(d)(5) | 100% of unknown value |

| | | |
|---|---|---|
| Potential Claims against Ex-Wife for Legal Fees/Costs/Living Expenses | 11 U.S.C. § 522(d)(10)(D) | 100% of unknown value |
| This is Cumulative with other Exemptions Listed Above<br><br>Potential Claims/Settlement/Asset Distributions Involving Debtor's Divorce Proceedings; Including<br>All Assets Known or Unknown; Held Individually, Jointly or<br>In Trust; including but not limited to the following disclosed assets:<br>1. $75,000.00 estimated personal property (including her interest beyond that listed jointly above under #4);<br>2. $250,000.00 estimated in business realty trusts;<br>3. $90,000.00 estimated in stocks;<br>4. $2,500.00 estimated in checking/savings accounts<br>5. $102,000.00 estimated 401(k) retirement accounts;<br>6. Potential Interests in Tax Refunds from 2006, 2007,2008, and 2009 | 11 U.S.C. § 522(d)(5)<br>11 U.S.C. § 522(d)(4)<br>11 U.S.C. § 522(d)(3)<br>11 U.S.C. § 522(d)(10)(D)<br>11 U.S.C. § 522(d)(12) | $8,382.84<br>$1,200.00<br>$750.00<br>100%<br><br>100% |

The Court granted the Debtor's Motion to Amend. The Trustee timely filed an Objection to the Debtor's amended exemptions pursuant to Fed. R. Bankr. P. 4003(b)(1).

### III. POSITIONS OF THE PARTIES RE: AMENDED EXEMPTIONS

A. <u>The Trustee</u>

The Trustee objects to the Debtor's amended exemptions on numerous grounds. She complains that the Debtor's initial disclosures of his assets, including claims against his former spouse and her property were misleading. Specifically, she notes that there was no indication that the Debtor retained or asserted claims for real estate titled in his former spouse's name or held in trust, as he described his claims as follows: "Civil Tort Action"

9

and "Potential Claims against Ex-Wife for Legal Fees/Costs/Living Expenses." The Trustee references a letter to her from the Debtor dated September 6, 2010 in which he admitted the following:

> I understand the assets for potential division in the case include both my assets listed in my petition and the other assets of my spouse Karen who is not a direct part of the individual petition. I did not list in my petition for example real estate trusts owned by Karen individually or other personal property owned by her except to the extend [sic] it is joint. The Judge seemed concerned that I was seeking equitable distribution also related to these assets which were not in my petition. . . . At the trial I plan to argue that all of the assets which included those I listed in the petition and those she has alone which are not listed in my petition should be equitably divided.[2]

The Trustee also objects to the Debtor's amendments to Schedule C on grounds of prejudice. She asserts that allowance of the Debtor's new claims of exemption would be prejudicial to her, to the bankruptcy estate, to creditors, and to Connell, adding that it would be disruptive to pending judicial proceedings. The Trustee states that she negotiated a recovery for the benefit of the estate based on the Debtor's existing Schedules. She contends that her compromise motion with Connell was predicated upon the Debtor's incomplete disclosure of assets on his original Schedule B and his failure to claim exemptions in those assets on his original Schedule C. In short, the Trustee argues that the Debtor's amended exemptions are merely a vehicle for circumventing the orders of this Court, the United States Bankruptcy Appellate Panel for the First Circuit, and the Worcester Division of Probate and Family Court, Department of the Trial Court. She adds:

---

[2] The Debtor did not object to the Trustee's reference to his letter of September 6, 2010 or its attachment to her Objection. Indeed, he referenced the letter in his Opposition to the Trustee's Objection.

10

"It is simply too late in these proceedings to grant a new exemption to the Debtor without doing irreparable harm to the Trustee's administration of this case and to all the creditors and interest [sic] parties in this case."

In addition to her arguments as to non-disclosure and prejudice, the Trustee objects based upon the Debtor's delay in amending Schedule C. She observes that the Debtor failed to obtain a stay of the Court's order of January 18, 2011 approving the Trustee's compromise with the Debtor's former spouse. She states that her settlement agreement with Connell has been fully consummated by the parties and that numerous obligations were fulfilled including the payment of $9,500, the exchange of mutual releases, the execution and recording of a quitclaim deed to the Howes Court property, and the approval of the agreement by the Probate Court. She asserts that the Debtor's attempt to circumvent the consequences of her agreement with Connell are moot.

Finally, the Trustee objects to the Debtor's amended claim of exemptions on the ground that the Debtor's claims of exemption exceed the statutory monetary limits. She states: "[t]he Debtor has sought to exempt nearly $1,450,000 of property under his Amended Schedule C, along with the extensive additional property of the Assets, the value of which the Debtor lists as 'unknown.' At best, section 522(d) of the Bankruptcy Code would allow the Debtor to exempt some $30,000 of property."

B. The Debtor

The Debtor argues that his amended Schedules and, in particular, his amended Schedule C, are not based on fraud and misconduct. He maintains that he filed his original

11

Schedules B and C in the manner he did based upon the advice of counsel. Moreover, he contends that there is no prejudice to the Trustee. He complains that she "exercised no timely right" regarding the Howes Court property, which he argues was granted to him by a temporary order of the Probate Court and which the Trustee should have abandoned. He also contends that "a stay under MA Probate rule 11 [sic] remains between Morgan and Connell [his ex-spouse]," that "the stipulation has not become moot," and that the transaction "can easily be undone even if a stay were not in place."

**IV. DISCUSSION**

    A. <u>Applicable Law</u>

In <u>In re Bloomstein</u>, No. 09-11241-JNF, 2010 WL 4607525 (Bankr. D. Mass. Nov. 5, 2010), this Court stated:

> As this Court recognized in <u>In re Genzler</u>, 426 B.R. 407, 418 (Bankr. D. Mass. 2010), Fed. R. Bankr.P. 4003(c), places the burden of proof on the objecting party to establish that an exemption is not properly claimed. This Court stated: "This rule reflects the Code provision making a debtor's properly listed exemptions presumptively valid. *See* 11 U.S.C. § 522(l)." <u>Id.</u> The Court added:
>
>> If the objector introduces evidence effectively challenging the exemption, the burden shifts to the debtor to produce evidence in support of his claim. <u>In re Toppi</u>, 378 B.R. 9, 11 (Bankr.D.Me.2007), as amended (Nov. 15, 2007). *See also* <u>In re Roberts</u>, 280 B.R. at 544–45 ("'If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper . . . the burden of persuasion, however, always remains with the objecting party.'") (quoting <u>Carter v. Anderson (In re Carter)</u>, 182 F.3d 1027, 1029 (9th Cir. 1999)).

In re Genzler, 426 B.R. at 418.

Bloomstein, 2010 WL 4607525 at * 2. *See also* In re LeClair, __ B.R. __, No. 10-43204, 2011 WL 1899194 at *2 (Bankr. D. Mass. May 19, 2011); In re Gonsalves, No. 09-20091, 2010 WL 5342084 at *6 (Bankr. D. Mass. Dec. 21, 2010).

In In re Melber, 315 B.R. 181 (Bankr. D. Mass. 2004), the court observed:

> The bankruptcy court has the discretion to deny the amendment of exemptions if the amendment is proposed in bad faith or would prejudice creditors. In re Kaelin, 308 F.3d 885, 888–89 (8th Cir. 2002); In re Michael, 163 F.3d 526, 529 (9th Cir.1998); In re Doan, 672 F.2d 831, 833 (11th Cir. 1982). *See also* In re Snyder, 279 B.R. 1, 6 (1st Cir. BAP 2002)(case law has established "two clear exceptions" to Rule 1009(a), which allows a debtor to amend his or [her] schedules as a matter of course any time prior to case closure, namely prejudice and bad faith). In Snyder, the Bankruptcy Appellate Panel for the First Circuit observed: "Case law has also established that the prejudice need not be to the bankruptcy estate as a whole." 279 B.R. at 6 (citing Osborn v. Durant Bank & Trust Co., 24 F.3d 1199, 1206 (10th Cir. 1994); In re Blaise,116 B.R. 398, 400–01 (Bankr. D. Vt.1990)). It added: "Prejudice to the trustee or a single creditor will suffice." Id. (citations omitted).

315 B.R. at 190.  This Court in Melber added: "'Simple delay in filing an amendment where . . . the case is not closed does not alone prejudice creditors. Nor does prejudice to creditors occur merely because a claimed exemption, if held timely, would be granted.'" Id. (citing In re Arnold, 252 B.R. 778, 786–87 (B.A.P. 9th Cir. 2000), and In re Andermahr, 30 B.R. 532, 534 (B.A.P. (9th Cir. 1983)) (footnote omitted).

B. Analysis

The Court finds that an evidentiary hearing is unwarranted.  The Debtor filed his Schedules and amended Schedules under penalty of perjury and cannot now disclaim

13

their contents or when they were filed with the Court. Moreover, he did not contest the contents of his September 6, 2010 letter. The Court's order of January 18, 2011 approving the Trustee's Motion to Compromise Controversy is a final order from which no further appeals can be had. A cursory review of the Debtor's amended Schedule C and the exemptions he now claims permit only one inference, namely an intent to undermine the Trustee's compromise with Connell.

The Debtor delayed amending Schedules B and C until March 10, 2011 at a time when he was attempting to appeal this Court's order approving the Trustee's Motion to Compromise. He did not clearly list his claims against his former spouse or his claims to an equitable distribution of property in her name. While he disclosed his claims to his wife's property in his letter of September 6, 2010, he did so after his case was reopened and his discharge was revoked. He waited until well after this Court and the Probate Court approved the Trustee's compromise with Connell.

The undisputed evidence compels the conclusion that the Debtor's amended claim of exemptions is little more than a ruse to undo the Court's allowance of the Trustee's Motion to Compromise Controversy and his failure to effectuate a timely appeal from the order of January 18, 2011. He cannot avoid the ramifications of a consummated agreement by amending his claimed exemptions. *See* Morgan v. White (In re Morgan), No. MB-11-019, Slip Op. (B.A.P. 1st Cir. April 27, 2011). His amended exemptions are prejudicial to the Trustee who incurred significant fees in reaching a settlement with the Debtor's former spouse which benefitted creditors.

The Court finds that the arguments advanced by the Trustee are compelling and that the arguments advanced by the Debtor lack merit. The Court finds that the Trustee has sustained her burden by clear and convincing evidence. *See* In re Grogan, 300 B.R. 804, 808 (Bankr. D. Utah 2003). In Grogan, the court stated that "intentional concealment of assets bars the debtor's exemption claim after the assets are uncovered." Id. (citing In re Yonikus, 996 F.2d 866, 868 (7th Cir. 1993) ("fraudulent concealment of an asset works as a forfeiture of exemption rights"); Doan v. Hudgins (In re Doan), 672 F.2d 831, 833 (11th Cir.1982) (holding "concealment of an asset will bar exemption of that asset"); In re Miller, 255 B.R. 221, 222 (Bankr. D. Neb. 2000) (concluding "a debtor may not claim as exempt property intentionally omitted from schedules"); In re Park, 246 B.R. 837, 840 (Bankr. E.D. Tex. 2000) ("A debtor may not claim as exempt property which he knowingly concealed and failed to disclose to trustee which normally would be exempt had it been properly scheduled and claimed."); In re St. Angelo, 189 B.R. 24, 26 (Bankr. D. R.I. 1995) ("Intentional concealment of estate property will bar the debtor from claiming such property as exempt, after it surfaces as an asset.").

Although the Debtor suggests that he failed to list his former spouse's property in his Schedules of Assets on advice of counsel, his arguments are unsupported. The Debtor listed some claims against his former spouse and omitted others. Whether he did so with fraudulent intent or inadvertence is not dispositive. The Court need not find that the Debtor acted in bad faith, although such a finding could be inferred, because the Court finds that the prejudice to the Trustee is overwhelming. Had the Debtor properly listed his

15

personal property at the outset of the case and properly claimed his exemptions, the Trustee could have administered the non-exempt assets and his case expeditiously. The Debtor did not do so and pursued a frivolous appeal, which the Trustee was forced to defend.

## V. THE MOTION FOR SANCTIONS

The Trustee seeks sanctions pursuant to Fed. R. Bankr. P. 9011 against the Debtor "for filing frivolous and duplicative pleadings, most recently his frivolous complaint in Adversary Proceeding 11-4033." Through her Motion, she seeks unspecified monetary sanctions and an order preventing the Debtor from filing further pleadings without leave of this Court. She also filed the Affidavit of Ellee K. McKim, an attorney at Demeo Associates, P.C., who attested that, on April 13, 2011, she served the Motion for Sanctions on both the Debtor and his attorney of record by first class mail, postage prepaid.

The Debtor filed an Opposition on the ground that the Trustee failed to comply with so-called "safe-harbor" provision of subsection (c) of Rule 9011. His counsel contends that he never received the Motion before it was filed with this Court.

The Debtor filed his Complaint against the Chapter 7 Trustee and his former spouse on March 17, 2011. He amended the Complaint as a matter of right on March 25, 2011. The Trustee moved to dismiss the Amended Complaint on April 15, 2011, and the Debtor filed, on May 23, 2011, a Motion for Leave to Amend Amended Adversary Proceeding in which he states: "in light of the recent developments in this case, and pursuant to the safe harbor provision of Rule 9011, Debtor wishes to withdraw and/or correct the claims against

Trustee White."

At the hearing on June 22, 2011, the Trustee indicated that only complete dismissal of claims against her, not an amendment to the Amended Complaint, would be satisfactory, adding that she had received her fees and expenses as a result of the order of the bankruptcy appellate panel awarding her $14,015.47. Counsel to the Trustee stated:

> The debtor has suggested that he wants to amend by taking out the claims against the Trustee and asserting claims against his ex-wife. That is only going to trigger a new motion to dismiss by the Trustee for the exact same reasons cited in this motion, that claims against the ex-wife were released by a written release by the Trustee on behalf of the debtor, the Trustee and the estate. They concern property that is the subject of this Court's final order -- namely, the piano. And those claims have already been resolved by the Divorce Court in *its* order approving the exact *same* stipulation.

On June 24, 2011, the Debtor filed a "Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41" pursuant to which he dismissed the adversary proceeding against the Trustee with prejudice.

On June 28, 2011, he filed an "Amended Complaint" only against his former spouse in which he alleged that on multiple occasions starting on September 24, 2010, his former spouse "sought to commence action to remove the debtor from his home which Trustee has asserted was a part of the bankruptcy estate and further to find Debtor in contempt of in the Probate and Family Court." He also alleged that she filed on September 29, 2010 a "Motion for Further Temporary Orders" in willful violation of the stay; that she filed on October 19, 2010 a "Motion for Permission to File Complaint for Contempt for Nonpayment of Mortgage" and a "Complaint for Civil Contempt" in willful violation of

the automatic stay. He further alleged that before the expiration of 14 days from the approval of the Trustee's Motion to Compromise, through which Connell was granted relief from the automatic stay, she filed 12 motions, as well as a Complaint for Civil Contempt.

Because the Debtor has voluntarily dismissed his complaint against the Trustee with prejudice and because the Debtor does not appear to be seeking from Connell property that was the subject of the Trustee's compromise with her, the Court shall enter an order denying the Trustee's Motion for Sanctions.

## VI. CONCLUSION

In view of the foregoing, the Court shall enter an order sustaining the Trustee's Objection to Debtor's Amended Schedule of Exemptions. The Court also shall enter an order denying the Trustee's Motion for Sanctions, without prejudice to renewal in the event the Debtor fails to set forth cogent and legal and factual bases for any requests for orders pleading or documents filed with this Court in the future.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 21, 2011